■ HAROLD J. LEIDER, Appellant, v. 80 WILLIAM ST. CO., INC., Respondent.— In a consolidated action to rescind a lease based upon an alleged constructive eviction and for incidental damages, in which the defendant asserted a counterclaim to recover damages for breach of the lease, the plaintiff appeals from a judgment of the Supreme Court, Queens County, entered July 5, 1963 upon the court's opinion and decision after a nonjury trial, which dismissed the

complaint and awarded damages to the defendant on its counterclaim. Judgment reversed on the law and on the facts, and a new trial granted, with costs to plaintiff to abide the event. The trial court excluded the testimony of other tenants in the building. Such testimony would bear, not only on the credibility of the witnesses who had already testified, but would also tend to show that the entire premises, including the office occupied by the plaintiff, was not being furnished with the essential services common to all the occupants of the building. In our opinion, the exclusion of such testimony constituted reversible error (*Brendan Realty Co.* v. *Ellerstein*, 173 N. Y. S. 378; cf. *Tallman* v. *Murphy*, 120 N. Y. 345). We are also of the opinion that the court erred in its conclusion that the plaintiff waived his right to claim a constructive eviction by reason of his unreasonable delay in removing from the premises. While the question of reasonable promptness in abandoning the premises is usually a factual one for the trier of the facts to resolve, nevertheless, where the facts are undisputed, as here, the question may become one of law (32 Am. Jur., Landlord and Tenant, § 251, p. 238). It is well settled that the mere payment of rent during the period of occupancy does not constitute a waiver of the constructive eviction. In fact, had plaintiff not paid his rent, his claim for breach of the covenant of quiet enjoyment and his claim of constructive eviction would not have been available to him (*Herstein Co.* v. *Columbia Pictures Corp.*, 4 N Y 2d 117). At bar, the proof is uncontradicted that plaintiff commenced his search for new office space in January, 1960; that he advised defendant of this fact in February, 1960; and that he entered into a new lease on March 18, 1960 for occupancy on May 1, 1960. Under these circumstances, we conclude that, at least with respect to the alleged complaints about the lack of heat and hot water, if such facts be established at a new trial, plaintiff was not guilty of unreasonable delay in vacating the demised premises (cf. *Esarsee, Inc.* v. *Holland*, 241 App. Div. 736; *Rome* v. *Johnson*, 274 Mass. 444; *General Industrial & Mfg. Co.* v. *American Garment Co.*, 76 Ind. App. 629). Finally, we are of the view that the provisions of paragraph 24 of the lease did not bar the plaintiff from claiming a constructive eviction (cf. *3175 Holding Corp.* v. *Schmidt*, 150 Misc. 853). Said paragraph reads as follows: " No act or thing done by Landlord or Landlord's agents during the term hereby demised *shall constitute an eviction* by Landlord, nor shall be deemed an acceptance of a surrender of said premises and no agreement to accept such surrender shall be valid unless in writing signed by Landlord." (Emphasis supplied.) Unless there be an eviction, actual or constructive, there can be no breach of the covenant of quiet enjoyment. Whether the breach of such covenant is alleged as a defense to an action for rent due or as a basis for an action for damages, the determining factor is whether the tenant has vacated the premises (*Herstein Co.* v. *Columbia Pictures Corp.*, 4 N Y 2d 117, *supra*). Under the interpretation of paragraph 24 of the lease, as urged by the defendant, a tenant could never claim a breach of the covenant of quiet enjoyment, since no act of the landlord could ever " constitute an eviction." In effect, therefore, a tenant would be compelled to continue paying rent to his landlord notwithstanding the fact that, through the landlord's own acts of omission or commission, the demised premises have been rendered untenantable and uninhabitable. Such a construction is not consonant with common sense or with the mutual intent of the parties. The law looks with disfavor upon any unilateral attempt by a party to avoid liability for his own fault (*Van Dyke Prods.* v. *Eastman Kodak Co.*, 12 N Y 2d 301). Limited solely to the issue here presented, we conclude that the plaintiff did not waive his right to claim a constructive eviction by reason of the language of paragraph 24 of the lease. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.