■ Schwartz, Karlan & Gutstein, Respondent, v 271 Venture et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.),

entered September 5, 1990, granting plaintiff's motion for summary judgment and denying defendants' cross-motion for summary judgment, unanimously modified, on the law, to deny summary judgment to plaintiff and, except as thus modified, affirmed, with costs and disbursements to defendant.

On or about January 16, 1989, defendant landlord and plaintiff tenant entered into a seven-year commercial lease for an entire floor, comprising 3,250 square feet, at 271 Madison Avenue, New York City, to be used as an "office for the practice of law." An electrical fire occurred on or about April 27, 1990, causing substantial damage to the demised premises. Section 9 of the standard form lease at issue provides that in the event of fire damage to all or part of the premises "this lease shall continue in full force and effect" except that the landlord shall repair the damage at its own expense and the tenant shall be entitled to a reduction in rent proportionate to the usability of the premises; and, in case of total unusability, the landlord, at its sole option, may elect not to restore the premises and to terminate the lease. The tenant is not only not afforded a corresponding right to terminate, it expressly waives that option, otherwise available under Real Property Law § 227, and agrees that the afore-cited provisions of section 9 of the lease "shall govern and control in lieu thereof." Thus, section 9 proscribes constructive eviction as a basis for terminating the lease. In the event of a fire rendering the premises unusable, the tenant's sole remedy is a rent abatement during the restoration period.

The landlord contends that shortly after the fire it undertook to repair the premises but that the tenant law firm refused to permit such repair unless "the work could be done in such a manner, while our staff was present, still protecting our staff, equipment and files." Under the lease terms, the tenant was obligated to facilitate the restoration process by removing "as promptly as reasonably possible" its "salvageable inventory and movable equipment, furniture and other property." According to the landlord, the tenant, rather than cooperate, sought permanent alternate space within ten days after the fire. Indeed, approximately thirteen days after the fire, the tenant commenced the instant proceeding seeking a declaration that the lease was terminated and arguing that the doctrine of mutuality required that if the premises are wholly unusable it had the right to vacate without further obligation. The tenant moved for summary judgment and the landlord cross-moved for summary judgment and an order requiring the tenant to allow the landlord access to the

demised premises to make repairs. After a two-day hearing, the IAS court awarded summary judgment to the tenant, finding, on the basis that "it would be unfair to give the owner a remedy of electing to terminate the lease by written notice to the tenant without giving such a right to the tenant under these unusual conditions", a constructive eviction. In so ruling, the court plainly erred.

It is well settled that where a tenant, in a commercial lease, agrees to waive the protections of Real Property Law § 227, which bestows upon a constructively evicted tenant the opportunity to terminate its lease without further obligation, it is bound by the lease terms and will not be relieved of its obligations. *(Butler v Kidder,* 87 NY 98; *Rodriguez v Nachamie,* 57 AD2d 920, 921.) Indeed, Real Property Law § 227, enacted over 130 years ago, expressly excludes its application where, as here, the parties, in writing, have agreed to the contrary. When the Legislature revisited the question of the "fairness" of section 227 in 1989, it determined to void as against public policy a waiver or modification of rights by a residential tenant but let stand the statutory provision permitting waiver by a commercial tenant. (Real Property Law § 227 [2] [d].)

Unable to avoid the clear applicability of the lease provisions in this regard, the tenant on appeal now attempts to justify its eventual vacatur of the premises by arguing that it was the landlord who was in breach of the lease by failing to commence restoration within a reasonable time. In that regard, we find offensive the tenant's claim that the IAS court made a finding of neglect or unreasonableness with respect to the landlord's restoration efforts. The court made no such finding. The tenant has completely distorted the record. (The comments to which the tenant refers were made by the court during colloquy before the hearing even commenced.) Nor could the court have made a finding against the landlord. Except for the direction of an immediate hearing on certain specific issues *(see,* CPLR 3212 [c]), not here applicable, a court may not resolve factual issues on a motion for summary judgment.

Based on our review of the record, we believe that a triable issue of fact exists as to the post-fire steps taken by both parties. Accordingly, we modify to deny the tenant's motion for summary judgment. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Smith, JJ.