MILLTOWN PARK INC., Respondent, v AMERICAN FELT AND FILTER COMPANY, Appellant.

Third Department, June 11, 1992

## APPEARANCES OF COUNSEL

*Underweiser & Underweiser (Jay Landau* and *Beatrice K. Underweiser* of counsel), for appellant.

*Jacobowitz & Gubits (Andrea D. Pawliczek* and *Gerald N. Jacobowitz* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

At issue on this appeal is whether Supreme Court erred in concluding that plaintiff was entitled to summary judgment on its claim for damages based upon allegations that defendant, which had leased space in plaintiff's warehouse, breached the parties' lease agreement when it vacated the premises and stopped paying rent prior to the end of the term of the lease. Based upon our review of the evidence submitted by the parties on the motion, we agree with Supreme Court that plaintiff is entitled to partial summary judgment and, therefore, we affirm the judgment and amended judgment.

The parties entered into the lease agreement in September 1988, whereby defendant leased space on the ground floor of plaintiff's warehouse for a period of two years. In January 1989 a fire in the area directly above the space leased by defendant resulted in water damage to defendant's products and raw materials stored in the warehouse. By letter dated January 25, 1990, defendant advised plaintiff that it was surrendering the premises, effective the next day, based upon plaintiff's failure "to secure the premises causing us considerable damage to our merchandise and damage to our goodwill".

Pursuant to the terms of the commercial lease, defendant obligated itself to pay rent for a two-year period, which expired September 30, 1990. Defendant surrendered or abandoned the premises during the term of the lease and failed to pay any of the rent due after its surrender or abandonment. Without citing any authority or legal principle, defendant

claims that it owes no rent because the premises were unsafe for the storage of its products and, therefore, unusable.

At common law, a lessee was obligated by his express covenant to pay rent, even though the premises were actually destroyed *(Vann v Rouse,* 94 NY 401, 405). By statute, however, a tenant is permitted to quit the premises without any further liability for rent if the premises have become "untenantable, and unfit for occupancy" through no fault or neglect of the tenant (Real Property Law § 227). The parties' lease agreement contains a provision which expressly states its intent to replace the terms of Real Property Law § 227 and, therefore, the terms of this commercial lease provision control *(see, Schwartz, Karlan & Gutstein v 271 Venture,* 172 AD2d 226, 228).

The provision relieves defendant of the obligation to pay rent for the time that the premises are unusable. It does not, however, authorize defendant to quit, surrender or abandon the premises. Rather, it requires defendant to give plaintiff "prompt notice of fire, accident, damage or dangerous or defective condition", and the lease contains another clause which provides that "[a]ny notice required [by the lease] shall be in writing by certified mail, return receipt requested". Defendant concedes that it gave no written notice other than the letter dated one day before defendant abandoned the premises.

According to defendant, plaintiff had actual knowledge of all of the facts and circumstances and, therefore, written notice was not required. In the absence of any statutory prohibition, lease provisions which require written notice, as opposed to actual or constructive notice, are enforceable *(see, Vanderhoff v Casler,* 91 AD2d 49, 51). Defendant does not claim that the premises were rendered unusable by damage caused by the fire or the water from the sprinkler system activated by the fire. Instead, defendant is apparently of the view that the fire was a result of plaintiff's failure to maintain adequate security in general, and to control access to the second floor in particular. According to defendant, plaintiff took no corrective action after the fire and, therefore, the potential for another fire or other incident which could damage the product stored by defendant in the warehouse rendered the premises unusable. Defendant, however, remained in possession of the premises for approximately one year after the fire and continued to pay rent without notifying plaintiff of the alleged defective condition. Even accepting defendant's conclusory allegation that

the premises were unusable, defendant's failure to give the prompt written notice required by the lease bars defendant from obtaining the benefit of the related provision which would relieve defendant from liability for rent while the premises are unusable.

Defendant contends that summary judgment is premature because discovery is not complete, but there is no merit in this contention. As previously discussed, the determinative issue is whether defendant's claim that the premises were unusable relieves defendant of the obligation to pay the rent which it agreed to pay in the lease, and the controlling provision on this issue is the clause in the lease which requires prompt written notice of the defective condition. Because it is undisputed that defendant did not give the required prompt written notice, summary judgment on plaintiff's claim for rent is appropriate.

We also reject defendant's contention that plaintiff is not entitled to summary judgment because a question of fact exists as to whether plaintiff acted properly to mitigate its damages (see, Mitchell & Titus Assocs. v Mesh Realty Corp., 160 AD2d 465, 466). Nor do we see any error in Supreme Court's conclusion that defendant's counterclaim for damages based upon plaintiff's negligence in permitting the fire to occur is not so related to plaintiff's claim for rent as to limit plaintiff's right to summary judgment (see, Stigwood Organisation v Devon Co., 44 NY2d 922).

MIKOLL, J. P., LEVINE, CREW III and HARVEY, JJ., concur.

Ordered that the judgment and amended judgment are affirmed, with costs.