■ RVC Associates, Appellant, v Rockville Anesthesia Group et al., Respondents. [700 NYS2d 231] —In an action, *inter alia,* to recover unpaid rent, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated March 23, 1999, as denied its motion for summary judgment on its complaint and for summary judgment dismissing the defendants' second, third, fourth, and fifth counterclaims.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the plaintiff's motion for summary judgment on the complaint and dismissing the defendants' second, third, fourth, and fifth counterclaims, and substituting therefor a provision granting the motion to the extent of granting partial summary judgment on the issue of liability and dismissing the defendants' second, third, fourth, and fifth counterclaims, and otherwise denying the motion; as so modified, the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for an inquest as to damages in accordance herewith.

Pursuant to a written lease, the defendant Rockville Anesthesia Group (hereinafter Rockville) leased two suites of offices in a building owned by the plaintiff. The individual defendants were partners in Rockville. The offices were used for administrative purposes and one of the defendant doctors saw patients there.

Paragraph 9 of the lease provides that in the event of fire or casualty, the plaintiff would be required to repair the premises "with all reasonable expedition" unless it elected to terminate the lease. Otherwise, the lease "shall continue in full force and effect" except that, if the demised premises are partially damaged or rendered partially unusable, Rockville is entitled to an

apportionment of rent from the day following the casualty until the repairs are "substantially completed". If the demised premises are totally damaged or rendered wholly unusable, then the payment of rent is suspended. The lease does not afford Rockville the option of terminating the lease and vacating the premises if it becomes unfit for occupancy. Rather, Rockville specifically waived its right to surrender possession, otherwise available under Real Property Law § 227, and agreed that the lease provisions would govern.

On July 31, 1996, a severe rain storm in the area caused the local sewer lines to back up. As a result, the premises occupied by the defendants were flooded. The plaintiff performed some initial cleanup work. While the defendants continued to use the offices for administrative work for approximately $3\frac{1}{2}$ months, they ceased paying rent and claimed that the conditions rendered the premises unfit and unsafe and that the patient examination room could no longer be used. When the premises were not fully repaired by November 1996, they surrendered possession.

The plaintiff subsequently commenced this action to recover unpaid rent and attorneys' fees in accordance with paragraph 19 of the lease. The defendants asserted an affirmative defense of constructive eviction and five counterclaims based on that defense, one of which was withdrawn. The Supreme Court denied the plaintiff's motion for summary judgment on the complaint and dismissing the defendants' remaining counterclaims. We modify.

Pursuant to paragraph 9 of the lease, the defendants waived their rights under Real Property Law § 227, and therefore are precluded from asserting constructive eviction as a defense (see, Milltown Park v American Felt & Filter Co., 180 AD2d 235; Schwartz, Karlan & Gutstein v 271 Venture, 172 AD2d 226; Rodriguez v Nachamie, 57 AD2d 920). Consequently, the plaintiff is entitled to partial summary judgment on the issue of liability and dismissal of the defendants' counterclaims based on constructive eviction.

However, because there are questions of fact as to the extent of the damage to the premises, whether a portion of the premises was unusable, whether the plaintiff completed repairs in an expeditious manner, and when the repairs were substantially completed, a hearing must be held to determine if the defendants are entitled to a partial rent abatement from August 1, 1996, until the repairs were "substantially completed", and if so, the amount of the abatement. In addition, the proof submitted by the plaintiff on its motion was in-

adequate to establish the cost of living increases, the additional rent, and the attorneys' fees owed pursuant to the lease. Accordingly, an inquest as to damages must be held. Sullivan, J. P., Joy, Krausman and Luciano, JJ., concur.