■ JOHN J. NEIDHART et al., Respondents, v K.T. BRAKE & SPRING COMPANY, Defendant and Second Third-Party Plaintiff-Appellant, and HUB TRUCK RENTAL CORP., Defendant and Third-Party Plaintiff. BRUEDAN CORPORATION, Third-Party Defendant/ Second Third-Party Defendant-Appellant; FAIRWAY GOLF CAR COMPANY, Second Third-Party Defendant-Appellant. [866 NYS2d 352]—

In an action to recover damages for personal injuries, etc., the defendant and second third-party plaintiff, K.T. Brake & Spring Supply, Inc., sued herein as K.T. Brake & Spring Company, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated February 15, 2007, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the third-party defendant/second third-party defendant, Bruedan Corporation, and the second third-party defendant, Fairway Golf Car Company, separately appeal from so much of the same order as denied their motion for summary judgment dismissing the second third-party complaint.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents to the defendant and second third-party plaintiff-appellant, the third-party defendant/second third-party defendant-appellant, and the second third-party defendant-appellant appearing separately and filing separate briefs, and the motions for summary judgment dismissing the complaint insofar as asserted against the defendant K.T. Brake & Spring Supply, Inc., sued herein as K.T. Brake & Spring Company, and dismissing the second third-party complaint are granted.

The injured plaintiff was driving a tractor-trailer which veered off the roadway and struck a tree. He has no recollection of how the accident occurred. The impact of the collision caused the trailer to detach and crash into the tractor cab. At the time of the accident, the injured plaintiff was employed as a driver by Bruedan Corporation (hereinafter Bruedan) and the Fairway Golf Car Company (hereinafter Fairway). Bruedan owned the trailer involved in the accident, and leased the tractor from another entity. The injured plaintiff and his wife subsequently commenced this action against, among others, K.T. Brake & Spring Supply, Inc., sued herein as K.T. Brake & Spring Company (hereinafter K.T. Brake), which had performed a New York State motor vehicle inspection of the tractor-trailer approximately eight months prior to the accident, claiming that it had negligently failed to detect that the kingpin device which attached the trailer to the tractor cab was cracked and rusted. K.T. Brake thereafter commenced a second third-party action against Bruedan and Fairway. After discovery had been conducted, K.T. Brake moved for summary judgment dismissing the complaint insofar as asserted against it, and Bruedan and Fairway moved for summary judgment dismissing the second

third-party complaint. The Supreme Court denied the motions. We reverse.

Since a finding of negligence must be based on the breach of a duty, "a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (*Espinal v Melville Snow Contrs.,* 98 NY2d 136, 138 [2002]; *see Pulka v Edelman,* 40 NY2d 781, 785 [1976]; *Chahales v Westchester Joint Water Works,* 47 AD3d 610 [2008]). "Without a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm" (*Lauer v City of New York,* 95 NY2d 95, 100 [2000]). The existence and scope of a duty is a question of law which requires the balancing of public policy considerations (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136, 138 [2002]). Recently, in *Stiver v Good & Fair Carting & Moving, Inc.* (9 NY3d 253 [2007]), the Court of Appeals held, as a matter of public policy, that the operator of a New York State motor vehicle inspection station did not owe a duty of care to a third party outside the inspection contract who was injured as a result of an allegedly negligent inspection. In this regard, the *Stiver* Court stated that "[i]f New York State motor vehicle inspection stations become subject to liability for failure to detect safety-related problems in inspected cars, they would be turned into insurers. This transformation would increase their liability insurance premiums, and the modest cost of a State-mandated safety and emission inspection . . . would inevitably increase" (*id.* at 257-258). Here, as in *Stiver,* the plaintiffs' claim is similarly predicated on the failure to detect an alleged safety defect during a State-mandated inspection. Accordingly, we find, as a matter of law, that K.T. Brake owed no duty of care to the injured plaintiff, and that K.T. Brake's motion for summary judgment dismissing the complaint insofar as asserted against it should have been granted.

In light of our determination that K.T. Brake was entitled to summary judgment, K.T. Brake's second third-party action against Bruedan and Fairway also should have been dismissed. Rivera, J.P., Lifson, Miller and Eng, JJ., concur.