■ Hudson Towers Housing Co., Inc., Appellant, v VIP Yacht Cruises, Inc., Respondent. [881 NYS2d 46]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered July 1, 2005, which denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.

We disagree with the motion court's finding that summary judgment is precluded by an issue of fact whether there was a surrender of the premises by defendant tenant and acceptance by plaintiff landlord. Article 25 of the parties' lease specifically states that there is no surrender of the premises without an agreement accepting such surrender in writing signed by the landlord. It is undisputed that there was no written agreement signed by the landlord accepting any purported surrender of the premises by the tenant at any time before the parties entered into a stipulation of settlement that resolved a summary nonpayment proceeding brought by the landlord in Civil Court. Nor can there be any claim by the tenant of constructive eviction. Article 9 of the lease explicitly states that the tenant waived the provisions of Real Property Law § 227, which permits a tenant to quit leased premises that are rendered untenable or unfit for occupancy and consequently to be relieved of its obligation to pay rent (see Milltown Park v American Felt & Filter Co., 180 AD2d 235, 237 [1992]; Trinity Ctr., LLC v Wall St. Correspondents, Inc., 4 Misc 3d 1026[A], 2004 NY Slip Op 51060[U], *4 [2004]). Article 9 requires the tenant to give the landlord notice of any damage to the premises. The landlord is then required to make repairs. The tenant's liability for rent is abated during the period in which the repairs are being made and is resumed five days after written notice by the landlord that the premises are substantially ready for the tenant's occupancy.

We also disagree with the motion court that the parties' stipulation of settlement was ambiguous. The plain meaning of the stipulation is that the parties were settling the issue of possession of the leased premises by the tenant's surrender thereof and that the parties were expressly reserving their right to

pursue, at a later time, in a different proceeding, any and all other claims they may have had arising out of the lease or the tenancy. Even assuming that the preprinted clause in the court form stipulation contradicted the handwritten portions, the handwritten portions would prevail (*Joseph Francese, Inc. v Enlarged City School Dist. of Troy*, 263 AD2d 582, 584 [1999], *revd on other grounds* 95 NY2d 59 [2000]).

The conflicting affidavits submitted by the parties, however, raise issues of fact concerning the impact of the September 11, 2001 terrorist attack on the tenant's ability to reenter and use the premises and the extent, if any, to which the tenant was relieved of its obligation to pay rent under article 9 of the lease. While the tenant did not give the landlord written notice of a defective condition in the leased premises, given the building's close proximity to the World Trade Center and the catastrophic events of September 11, 2001, the landlord had actual knowledge of adverse conditions affecting the habitability of the premises. Concur—Mazzarelli, J.P., Andrias, Friedman, Renwick and Freedman, JJ.