■ ROSEMARY ARCURI, Appellant, v KENNETH C. VOIGT et al., Defendants, and G&S AUTOMOTIVE REPAIR, INC., Respondent.
[911 NYS2d 641]—

In an action, inter alia, to recover damages for wrongful death, etc., the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Diamond, J.), entered July 15, 2009, which granted the motion of the defendant G&S Automotive Repair, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and (2), as limited by her brief, from so much of an order of the same court entered December

15, 2009, as, upon renewal and reargument, adhered to the original determination.

Ordered that the appeal from the order entered July 15, 2009, is dismissed, as that order was superseded by the order entered December 15, 2009, made upon renewal and reargument; and it is further,

Ordered that the order entered December 15, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant G&S Automotive Repair, Inc.

"Without a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm" (*Lauer v City of New York*, 95 NY2d 95, 100 [2000]; *see Pulka v Edelman*, 40 NY2d 781, 782 [1976]).

Here, since the plaintiff's claims against the defendant G&S Automotive Repair, Inc. (hereinafter G&S), are predicated on the failure to detect an alleged safety defect during a State-mandated inspection of the vehicle owned by the defendant Kenneth C. Voight which the plaintiff's decedent was driving, we find, as a matter of law, that G&S owed no duty of care to the plaintiff's decedent. Therefore, G&S's motion for summary judgment dismissing the complaint insofar as asserted against it was properly granted (*see Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253 [2007]; *Neidhart v K.T. Brake & Spring Co.*, 55 AD3d 887 [2008]). Skelos, J.P., Balkin, Eng and Austin, JJ., concur.