■ DANCE MAGIC, INC., et al., Respondents-Appellants, v PIKE REALTY, INC., et al., Appellants-Respondents. (And a Third-Party Action.) [926 NYS2d 588]—

In an action, inter alia, to recover damages for breach of a commercial lease and negligence, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered August 20, 2010, as denied those branches of the motion of the defendants Davita, Inc., Davita of New York, Inc., TRC of New York, Inc., IHS of New York, Inc., MHS-I, Inc., Peekskill Cortlandt Dialysis

Center, Prime Locations, Inc., and Pike Plaza Associates, LLC, which were for summary judgment dismissing the first, second, third, and fourth causes of action insofar as asserted against those defendants and for summary judgment on the first and second counterclaims of the defendant Pike Plaza Associates, LLC, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment on the first, second, third, and fourth causes of action.

Ordered that the appeal by the defendant Pike Realty, Inc., is dismissed, as that defendant is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the motion of the defendants Davita, Inc., Davita of New York, Inc., TRC of New York, Inc., IHS of New York, Inc., MHS-I, Inc., Peekskill Cortlandt Dialysis Center, Prime Locations, Inc., and Pike Plaza Associates, LLC, which were for summary judgment dismissing the first, second, and third causes of action insofar as asserted against them, and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendants Davita, Inc., Davita of New York, Inc., TRC of New York, Inc., IHS of New York, Inc., MHS-I, Inc., Peekskill Cortlandt Dialysis Center, Prime Locations, Inc., and Pike Plaza Associates, LLC, which was for summary judgment on the first counterclaim of the defendant Pike Plaza Associates, LLC, and substituting therefor a provision granting that branch of the motion, and (3) by deleting the provision thereof denying that branch of the motion of the defendants Davita, Inc., Davita of New York, Inc., TRC of New York, Inc., IHS of New York, Inc., MHS-I, Inc., Peekskill Cortlandt Dialysis Center, Prime Locations, Inc., and Pike Plaza Associates, LLC, which was for summary judgment on so much of the second counterclaim of the defendant Pike Plaza Associates, LLC, as sought an award of an attorney's fee for the cost of litigating the first, second, and third causes of action and its first counterclaim and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs payable to the defendants Davita, Inc., Davita of New York, Inc., TRC of New York, Inc., IHS of New York, Inc., MHS-I, Inc., Peekskill Cortlandt Dialysis Center, Prime Locations, Inc., and Pike Plaza Associates, LLC, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

In March 1997 the defendant IHS of New York, Inc. (hereinafter IHS), entered into a contract with the defendant Pike Realty, Inc. (hereinafter Realty), to lease commercial space on the second floor of a building located at 2050 East Main Street in Cortlandt, New York (hereinafter the subject building). The lease allowed IHS to operate the defendant Peekskill Cortlandt Dialysis Center (hereinafter the dialysis center) at the location. IHS's interest was later assigned to the defendant MHS-1, Inc. (hereinafter MHS), which then assigned the interest to the defendant TRC of New York, Inc. (hereinafter TRC), who was the assignee when this action was commenced. IHS, MHS, TRC, and the defendant Davita of New York, Inc., are wholly-owned subsidiaries of the defendant Davita, Inc. (hereinafter collectively Davita). After the lease was signed, Davita installed plumbing and floor drainage systems to facilitate the operations at the dialysis center.

On July 15, 1997, the plaintiff Dance Magic, Inc. (hereinafter Dance Magic), a dance studio wholly owned by the plaintiff Gretchen Roselli, entered into a contract with Realty to lease 3,384 square feet of space in the subject building directly below the dialysis center (hereinafter the subject premises). In article 9 of the subject lease, the plaintiffs expressly waived their right to surrender possession pursuant to Real Property Law § 227 and agreed that the lease provisions would govern in the event that the demised premises were damaged or rendered partially or wholly unusable. The effective date of the lease was October 1997.

After Dance Magic took possession of the premises, the subject premises was damaged as a result of leaks and floods. The first flood occurred in the lobby of the subject premises on October 3, 1997. The subject premises also experienced leaks in early September 1998, June 1999, and July 1999, as well as "small deluges of fluids and occasional large floods" from 2000 to 2004. "[M]ajor deluge[s]" occurred in the subject premises on June 4, September 19, and September 22, 2005. Between 2006 and 2007, frequent incidents of leaking and falling ceiling tiles occurred in the subject premises. Mold and dampness began forming in sheetrock on the subject premises. Realty was given notice of the leaks at least as early as 2001, when its vice president received a letter from the plaintiffs' attorney regarding "a persistent leak."

In mid-2005, the defendant Pike Plaza Associates, LLC (hereinafter Plaza), acquired the subject building and landlord rights from Realty. The defendant Prime Locations, Inc. (hereinafter Locations), a real estate management company, was responsible

for the daily operations of the subject building and acted as an agent for Plaza. On March 5, 2007, the plaintiffs and Plaza agreed to a lease modification agreement extending the subject lease for five years, through June 2012.

On August 20, 2007, the "Metropolitan Room" of the subject premises incurred a "major flood" which resulted in damage to the dance floor of the plaintiffs' studio, necessitating repairs. The plaintiffs were forced to shut down operations for several weeks to clean up after the flood. Seepage continued through the beginning of September 2007, though the source of the seepage was unclear.

In September or November 2007, Plaza hired an engineering firm to conduct an investigation in the subject building. The firm determined that three of the five leaks in the ceiling of the subject premises were the result of an inadequate floor drainage system in the dialysis center. The firm's findings were communicated to Davita.

A flooding incident that occurred on October 9, 2007, rendered a portion of the subject premises unusable. On November 8, 2007, a separate flooding incident occurred in the lobby closet and bathroom at the subject premises. The flooding was attributable to a large tank overflowing in the dialysis center. Subsequently, the Town of Cortlandt issued a violation to Davita because of the dialysis center's failure to meet required plumbing guidelines. Temporary repairs undertaken to try to contain the leaks were unsuccessful.

Following the flooding on November 8, 2007, the plaintiffs were again forced to suspend operations at the subject premises. On December 10, 2007, the plaintiffs' attorney sent a notice to Plaza informing it of the plaintiffs' intention to quit the premises. Flooding events purportedly continued after the plaintiffs left the subject premises. On December 27, 2007, the plaintiffs surrendered the keys to the premises. The plaintiffs have not paid rent since November 2007.

The plaintiffs commenced the instant action alleging, inter alia, that the lease was null and void, and that they had no continuing obligation under the lease because they were constructively evicted. The plaintiffs also alleged that they were damaged by the constructive eviction, that the defendants had breached the covenant of quiet enjoyment, and that the defendants were negligent. Locations, Plaza, Davita, and the Dialysis Center (hereinafter collectively the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them and for summary judgment on Plaza's first and second counterclaims for unpaid rent and an award of a at-

torney's fee. The plaintiffs cross-moved for summary judgment on their first four causes of action. The Supreme Court denied those branches of the defendants' motion which were for summary judgment dismissing the first, second, third, and fourth causes of action insofar as asserted against them and for summary judgment on Plaza's first and second counterclaims, and denied the plaintiffs' cross motion.

In a commercial lease, a commercial tenant may waive the rights provided by Real Property Law § 227 (*see Hudson Towers Hous. Co., Inc. v VIP Yacht Cruises, Inc.*, 63 AD3d 413 [2009]; *RVC Assoc. v Rockville Anesthesia Group*, 267 AD2d 370 [1999]; *Milltown Park v American Felt & Filter Co.*, 180 AD2d 235, 237 [1992]; *Schwartz, Karlan & Gutstein v 271 Venture*, 172 AD2d 226 [1991]). Where a commercial tenant has waived its rights under Real Property Law § 227, the tenant may not claim constructive eviction, but is limited to the remedies set forth in the lease (*see Hudson Towers Hous. Co., Inc. v VIP Yacht Cruises, Inc.*, 63 AD3d at 413; *RVC Assoc. v Rockville Anesthesia Group*, 267 AD2d at 371; *Schwartz, Karlan & Gutstein v 271 Venture*, 172 AD2d at 226). Here, the defendants' evidentiary submissions in support of their motion demonstrated that the plaintiffs expressly waived the rights provided by Real Property Law § 227. Therefore, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the plaintiffs' first and second causes of action alleging that the lease was null and void and to recover damages for constructive eviction insofar as asserted against them. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the plaintiffs' first and second causes of action insofar as asserted against them.

The defendants were also entitled to summary judgment dismissing the third cause of action to recover damages for breach of the covenant of quiet enjoyment insofar as asserted against them. "Whether the breach of the covenant is alleged as a defense to an action for rent due, or is used as a basis for an action for damages, the determining factor, with few exceptions, is whether the tenant has vacated the premises" (*Dave Herstein Co. v Columbia Pictures Corp.*, 4 NY2d 117, 120 [1958]; *see Matter of O'Donnell*, 240 NY 99, 104 [1925]; *Genovese Drug Stores, Inc. v William Floyd Plaza, LLC*, 63 AD3d 1102, 1104 [2009]; *Duane Reade v Reva Holding Corp.*, 30 AD3d 229, 237 [2006]; *34-35th Corp. v 1-10 Indus. Assoc., LLC*, 16 AD3d 579 [2005]; *Jacobs v 200 E. 36th Owners Corp.*, 281 AD2d 281 [2001]; *Gram-*

mer v Turits, 271 AD2d 644, 645-646 [2000]; *Grattan v Tierney Sons, Inc.*, 226 App Div 811 [1929]). The tenant must also have performed all covenants which are a condition precedent to its right to insist upon the covenant (*see Dave Herstein Co. v Columbia Pictures Corp.*, 4 NY2d at 121; *Leider v 80 William St. Co.*, 22 AD2d 952, 953 [1964]).

Here, it is undisputed that the plaintiffs vacated the subject premises in mid-December 2007. By the express terms of the lease, the plaintiffs were required to pay rent while remaining in possession of the subject premises as a condition precedent to receiving the benefit of quiet enjoyment of the premises (*see Dave Herstein Co. v Columbia Pictures Corp.*, 4 NY2d at 120-121; *Leider v 80 William St. Co.*, 22 AD2d at 953; *Baitzel v Rhinelander*, 179 App Div 735 [1917]). The plaintiffs paid rent for the subject premises through November 2007, but they failed to pay rent while retaining possession of the subject premises for a portion of December 2007. Since they remained in possession of the subject premises while not paying rent, the plaintiffs failed to satisfy the condition precedent in their lease, and are thereby precluded from claiming a breach of the covenant of quiet enjoyment (*see Dave Herstein Co. v Columbia Pictures Corp.*, 4 NY2d at 120-121; *Leider v 80 William St. Co.*, 22 AD2d at 953; *Baitzel v Rhinelander*, 179 App Div at 735; *compare 85 John St. Partnership v Kaye Ins. Assoc.*, 261 AD2d 104, 105 [1999]). Accordingly, the Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the plaintiffs' third cause of action insofar as asserted against them.

However, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the fourth cause of action sounding in negligence insofar as asserted against them and that branch of the plaintiffs' cross motion which was for summary judgment on that cause of action, as neither the defendants nor the plaintiffs established their prima facie entitlement to judgment as a matter of law. "To hold a defendant liable in common-law negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) that the breach constituted a proximate cause of the injury" (*Lynfatt v Escobar*, 71 AD3d 743, 744 [2010]). The existence and scope of an alleged tortfeasor's duty is a legal question to be determined by the court (*see Sanchez v State of New York*, 99 NY2d 247, 252 [2002]; *Di Ponzio v Riordan*, 89 NY2d 578, 583 [1997]; *Lynfatt v Escobar*, 71 AD3d at 744; *Neidhart v K.T. Brake & Spring Co.*, 55 AD3d 887, 889 [2008]). In making such a deter-

mination, courts look to whether the relationship of the parties gives rise to a duty of care, whether the plaintiff was within the zone of foreseeable harm, and whether the consequences were reasonably foreseeable (*see Di Ponzio v Riordon*, 89 NY2d at 583; *Lynfatt v Escobar*, 71 AD3d at 744; *Neidhart v K.T. Brake & Spring Co.*, 55 AD3d at 889). Here, the Supreme Court properly determined that the defendants owed a duty to the plaintiffs and that a triable issue of fact exists as to whether the defendants breached their duty to the plaintiffs by failing to remedy the chronic leaks emanating from the dialysis center. Accordingly, neither the plaintiffs nor the defendants were entitled to summary judgment with respect to the fourth cause of action.

The defendants established their prima facie entitlement to judgment as a matter of law on Plaza's first counterclaim to recover unpaid rent by demonstrating that the plaintiffs were not entitled to vacate the subject premises and cease paying rent. In opposition, the plaintiffs failed to raise a triable issue of fact. It is undisputed that the plaintiffs have not paid rent since November 2007 and have thereby breached the lease. Consequently, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment on Plaza's first counterclaim to recover unpaid rent.

Additionally, article 19 of the subject lease provides for the payment of a reasonable attorney's fee by the tenant in the event the tenant is in breach of the lease and the landlord incurs such fees in prosecuting or defending any action related thereto. Thus, Plaza is entitled to an award of an attorney's fee for the cost of litigating the first, second, and third causes of action alleging constructive eviction and breach of the covenant of quiet enjoyment and its first counterclaim to recover unpaid rent. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment on Plaza's second counterclaim as sought an award of an attorney's fee for the cost of litigating those claims. The defendants' submissions, however, were insufficient to determine the amounts due in unpaid rent and attorneys' fees. Accordingly, the matter must be remitted to the Supreme Court, Westchester County, for a determination of the amounts owed to Plaza for unpaid rent and a reasonable attorney's fee.

The plaintiffs' claim for a rent abatement is improperly raised for the first time on appeal (*see Aglow Studios, Inc. v Karlsson*, 83 AD3d 747 [2011]; *Town of Huntington v Beechwood Carmen Bldg. Corp.*, 82 AD3d 1203 [2011]). Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.