Garfield N. Tenants Corp. v Seco Mgt., Inc. (2022 NY Slip Op
51258(U))

[*1]

Garfield N. Tenants Corp. v Seco Mgt., Inc.

2022 NY Slip Op 51258(U) [77 Misc 3d 134(A)]

Decided on December 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2022-490 K C

Garfield North Tenants Corp.,
Respondent,
against
Seco Management, Inc., Appellant, "XYZ Corporation,"
Undertenant. 

Sondak Law Group, PLLC (Alisa Sondak of counsel), for appellant.
Law Offices of Mark E. Bengualid, PLLC (Etan C. Harris of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County
(Nicholas W. Moyne, J.), entered February 17, 2022. The order, insofar as appealed from
and as limited by the brief, granted the branches of landlord's motion seeking summary
judgment on the petition and dismissing tenant's first counterclaim, and denied the
branch of tenant's cross motion seeking summary judgment dismissing the petition in a
holdover summary proceeding.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this 2019 commercial holdover proceeding, landlord alleges that tenant breached
the subject lease by failing to maintain insurance coverage for the subject premises.
Tenant defends on the grounds that (1) its alleged constructive eviction from the
premises relieved it of its obligation under the lease to maintain insurance and (2)
landlord waived the insurance clause in the lease. Tenant also interposed two
counterclaims, the first of which was for, in effect, constructive eviction. Tenant appeals
from so much of an order of the Civil Court entered February 17, 2022 as granted the
branches of landlord's motion seeking summary judgment on the petition and dismissing
tenant's first counterclaim, and denied the branch of tenant's cross motion seeking
summary judgment dismissing the petition. While the second counterclaim was also
dismissed, tenant raises no argument as to that dismissal in its brief.
In a commercial lease, a commercial tenant may waive the provisions of Real
Property Law § 227, which permit a tenant to quit leased premises that are rendered
untenantable or unfit for occupancy (see Dance Magic, Inc. v Pike Realty, Inc., 85 AD3d 1083,
1087 [2011]; Hudson Towers
Hous. Co., Inc. v VIP Yacht Cruises, Inc., 63 AD3d 413, 413 [2009]; RVC
Assoc. v Rockville Anesthesia Group, 267 AD2d 370, 371 [1999]; Schwartz,
Karlan & Gutstein v 271 Venture, 172 AD2d 226, 228 [1991]). "Where a
commercial tenant has waived its rights under Real Property Law § 227, the tenant
may not claim constructive eviction, but is limited to the remedies set forth in the lease"
(Dance Magic, Inc. v Pike Realty, Inc., 85 AD3d at 1087). Here, in article 9 of
the subject lease, tenant expressly waived its right to surrender possession pursuant to
Real Property Law § 227 and agreed that the lease provisions would govern in the
event that the subject premises were damaged or rendered partially or wholly unusable.
Article 9 requires tenant to give landlord notice of any damage to the premises. Landlord
is then required to make repairs. Tenant's liability for rent is abated during the period in
which the repairs are being made and is resumed five days after written notice by
landlord that the premises are substantially ready for tenant's occupancy. In addition,
Article 37 of the lease allows tenant to cancel the lease at any time by giving landlord at
least six months' prior written notice, but no such notice appears in the record. Thus,
tenant's first argument on appeal, that its alleged constructive eviction relieved it of its
obligations under the lease, is without merit. Similarly, tenant's counterclaim for
constructive eviction was properly dismissed.
Tenant's other argument on appeal is that landlord waived the lease's insurance
requirement by continuing to accept rent after tenant's policy on the premises lapsed in
2009. However, it is undisputed that the lease has a no-waiver clause. " 'A clear and
unambiguous no-waiver clause in a commercial lease, such as the clause at issue, will be
enforced' " (36 Main Realty
Corp. v Wang Law Off., PLLC, 49 Misc 3d 51, 55 [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2015], quoting Heartland Associates v Adam Oser
Inc., 2003 NY Slip Op 51419[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists
2003]), and the record is devoid of any showing that landlord had intended to waive the
insurance clause (see 455
Dumont Assoc., LLC v Rule Realty Corp., 180 AD3d 735 [2020]).
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 2, 2022