**P.S. 260, Inc. v 30 Broad St. Venture LLC**

2024 NY Slip Op 34406(U)

December 17, 2024

Supreme Court, New York County

Docket Number: Index No. 652566/2024

Judge: Arthur F. Engoron

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARTHUR F. ENGORON**

*Justice*

--------------------------------------------------------------------X

P.S. 260, INC.

Plaintiff,

- v -

30 BROAD STREET VENTURE LLC,

Defendant.

--------------------------------------------------------------------X

PART         37

INDEX NO.    652566/2024

MOTION DATE    07/15/2024

MOTION SEQ. NO.    001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 16, 17

were read on this motion to             DISMISS             .

Upon the foregoing documents, and for the reasons stated hereinbelow, the motion is granted in part and denied in part.

## Summary of the Complaint

The Complaint in this action essentially alleges that: (1) when defendant, 30 Broad Street Venture LLC., rented the entire 27th Floor ("the premises") of its 48-story building, 30 Broad Street, New York, NY ("the building"), to plaintiff, P.S. 260, Inc., defendant knew that (a) plaintiff intended and needed to use the two appurtenant terraces to operate plaintiff's business, (b) that defendant was about to commence Local Law 11 façade work ("the exterior work") on the building, and (c) that said work would prevent plaintiff from using the terraces and operating plaintiff's business; (2) that defendant failed to inform plaintiff of the upcoming exterior work; and (3) that defendant's breaches of the lease totally constructively evicted plaintiff from the subject premises and thereby damaged plaintiff monetarily. NYSCEF Doc. No. 2.

## Allegations of the Complaint

Plaintiff is a media production company. Defendant owns the building. Plaintiff sought to rent premises that included outdoor space. By a 70-page lease dated October 19, 2021, plaintiff rented the premises for a term of 11 years. Rent was $34,902.08 monthly and $418,825.00 annually, for the first year, and escalated from there. The lease contained such standard provisions as the covenant of quiet enjoyment and a specific provision (Article 44) granting plaintiff "an exclusive license to use the terrace spaces adjacent to the Premises" at no further charge. Section 10(F), "Waiver," provides that "Tenant hereby waives the provisions of Section 227 of the New York Real Property Law and agrees that the provisions of this Article shall govern and control in lieu thereof." NYSCEF Doc. No. 3.

After the execution of the lease, and at or about the time plaintiff entered into possession, defendant commenced the exterior work. This has allegedly prevented plaintiff from occupying

[* 1]

and using the two terraces, constructively evicted plaintiff therefrom, and damaged plaintiff financially. During the negotiation and execution of the lease, defendant knew that it would do the exterior work during the term thereof, and that this would interfere with plaintiff's quiet enjoyment of the premises, but defendant failed to inform plaintiff of this. NYSCEF Doc. No. 2 ¶16. The lease contains (Article 18(c)) a "prevailing party" attorney's fees provision.

Commencing on or about April 19, 2022, defendant serially advised plaintiff that the Local Law 11 work would be completed by a series of dates, which never occurred. Accordingly, on or about February 9, 2023, in a First Amendment of Lease, the parties agreed that from that time through May 31, 2023, plaintiff could exclusively occupy the ninth and 10th floors of the building without additional charge, and plaintiff would receive a $415,000 rent abatement. Further, if the work was not completed by that date, tenant could continue said occupancy until June 30, 2023, and rent would be abated an additional $50,000. In exchange, plaintiff released defendant from any claims "arising out of or related to" the exterior work (Section 6(a)) through and including June 30, 2023. As of the date of the Complaint, May 14, 2024, the exterior work was still ongoing. NYSCEF Doc. No. 4. (The exterior work apparently was completed by June 30, 2024.).

Causes of Action

The Complaint, seeking $500,000 as well as attorney's fees, includes eleven causes of action, enumerated as follows: (1) breach of the covenant of good faith and fair dealing by failing to advise plaintiff that the exterior work would be necessary and by performing and continuing the work after the deadlines; (2) unjust enrichment; (3) breach of lease (i.e., breach of contract); (4) restitution (return of the rent); (5) constructive eviction; (6) breach of the covenant of quiet enjoyment; (7) declaratory judgment that plaintiff is entitled to a rent abatement for the period commencing July 1, 2023; (8) fraudulent inducement, based on failing to disclose the imminent exterior work; (9) recission; (10) declaratory judgment of frustration of purpose; and (11) attorney's fees. NYSCEF Doc. No. 2.

The Instant Motion

Defendant now moves, pursuant to CPLR 3211(a)(1) (documentary evidence), (5) (release), and (7) (failure to state a cause of action), to dismiss the complaint. NYSCEF Doc. No. 8.

Discussion and Disposition of the Causes of Action

    (1) Breach of the covenant of good faith and fair dealing

Every contract executed in New York has an implied covenant of good faith and fair dealing. Thus, if a party acts in bad faith and/or deals unfairly, that party has breached the contract. Accordingly, in this Court's considered view, a cause of action for a breach of the covenant of good faith and fair dealing does not exist. Rather, such a breach would simply be a breach of the contract itself, which, in any event, plaintiff has pled in its third cause of action. Also, the conduct of which plaintiff complains occurred prior to execution of the subject contract. Thus, the First cause of action at best is duplicative, at medium is illogical, and at worst is not cognizable at law, and will be dismissed.

    (2) Unjust enrichment

[* 2]

Unjust enrichment is a quasi-contract cause of action and will not lie if a valid, binding contract controls the parties' relationship, as is the case here. Thus, the Second cause of action will be dismissed.

### (3) Breach of contract

The release upon which defendant primarily relies only covers the period up through June 30, 2023. The complaint clearly alleges damages (the inability to use the two terraces) and adequately alleges plaintiff's performance for purposes of a motion to dismiss. Thus, the Third cause of action will be dismissed only as to claims arising prior to July 1, 2023.

### (4) Restitution

Restitution is also a quasi-contract cause of action, and as stated here it is duplicative of the third cause of action. It is also partially barred by the release in the amendment, and there does not appear to be payment of rent after the operative date thereof. Contrary to plaintiff's repeated contention, Complaint ¶ 12 does not assert that plaintiff paid the rent, it simply lists the rents that would be due. However, in the grand scheme of things, this Court interprets the complaint to allege proper performance by plaintiff for purposes of a breach of contract cause of action. Nevertheless, the Fourth cause of action will be dismissed.

### (5) Constructive eviction

The complaint adequately pleads a cause of action for, at a minimum, partial (the terrace) constructive eviction. Plaintiff clearly abandoned part of the premises. Plaintiff's waiver of its rights under RPL § 227 is irrelevant, at least for the purposes of the instant motion to dismiss, as that provision applies when a "building …is destroyed or so injured by the elements, or any other cause as to be untenantable, and unfit for occupancy." The complaint does not allege that "the building" is untenantable (much less "destroyed"), and the statute simply gives the tenant an option to leave. Cf. Hudson Towers Hous. Co., Inc. v VIP Yacht Cruises, Inc., 63 AD3d 413 (1st Dept 2009) (building damaged in 9/11 World Trade Center terrorist attack). Thus, the Fifth cause of action will not be dismissed.

### (6) Breach of the covenant of quiet enjoyment

In the context of the instant action and the subject lease, the sixth cause of action is duplicative of the third and/or fifth causes of action, and, in this court's considered opinion, does not exist as a separate cause of action. Thus, the Sixth cause of action will be dismissed.

### (7) Declaratory judgment (rent)

This cause of action is duplicative of the third cause of action. Generally, a cause of action for a declaratory judgment will not lie alongside a breach of contract action that is capable of providing complete relief. Furthermore, plaintiff acknowledges that the exterior work has been completed, ripening any breach of contract claims and rendering a declaratory judgment unnecessary. Thus, the Seventh cause of action will be dismissed.

### (8) Fraudulent inducement

Paragraph 14(B) of the lease insulates defendant against claims based on maintenance and repairs to the building, but includes an exception: "provided that Tenant is not …prevented from the ability to conduct its business in the ordinary course." That is exactly what plaintiff is

claiming. Also, the fraud was pled with the requisite CPLR particularity. However, the release bars the cause of action for fraudulent inducement, which "arises out of" or, certainly, "is related to" the exterior work. Furthermore, any recovery would be duplicative of the third cause of action. Finally, a fraudulent inducement claim must be based on more than just a future failure to perform. Thus, the Eighth cause of action will be dismissed.

(9) Recission

Plaintiff is estopped from seeking recission because plaintiff has already received significant benefits of the lease over a significant period of time. Recission must be sought promptly upon discovery and is unavailable when a breach of contract claim for damages will suffice. Also, recission is only available if the status quo may be restored, which is not the case here. Thus, the Ninth cause of action will be dismissed.

(10)    Declaratory Judgment (frustration of purpose)–

This cause of action is duplicative of the Third cause of action and will be dismissed.

(11)    Attorney's fees

Contractual attorney's fees are a form of relief in contract cases, not an independent cause of action. Thus, the 11th cause of action will be dismissed.

In the Final Analysis

The instant action is purely and plainly one for breach of contract and constructive eviction.

Conclusion

Thus, the instant motion is granted only to the extent that it seeks to dismiss the First, Second, Third (for claims arising prior to July 1, 2023), Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, and 11th causes of action. The motion is denied only to the extent that it seeks to dismiss the Third cause of cation for claims arising on or after July 1, 2023, and Fifth cause of action.

Suggestion

As the exterior work is finally complete, the instant case should settle. This Court is willing to preside over a settlement conference(s), provided all decision-makers are willing and able to appear in person. An email to SFC-Part37@nycourts.gov, can get the ball rolling.

HON. ARTHUR F. ENGORON

DEC 17 2024

_____
12/17/2024
DATE

_____
ARTHUR F. ENGORON, J.S.C.

CHECK ONE:          ☐ CASE DISPOSED          ☒ NON-FINAL DISPOSITION

                    ☐ GRANTED    ☐ DENIED    ☒ GRANTED IN PART          ☐ OTHER

APPLICATION:        ☐ SETTLE ORDER            ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:  ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE