◼ THOMAS BROWAREK, Individually and as Father and Natural Guardian of MICHAEL BROWAREK, an Infant, Respondent, v RAYMOND PFALZER et al., Appellants, et al., Defendants. (Appeal No. 1.)—Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: The negligence, if any, of defendant Raymond Pfalzer in causing his grandfather's automobile to become stuck in the mud was not the proximate cause of the infant plaintiff's injury. Defendant could not have reasonably foreseen that, in attempting to extricate the car from the mud, the driver of a truck would leave the truck unattended, permitting it to roll down a slope and pin plaintiff against the car (see, Ventricelli v Kinney Sys. Rent A Car, 45 NY2d 950, mod 46 NY2d 770; Scott v Mead, 132 AD2d 755). Summary judgment, therefore, should be entered in favor of defendants Raymond and Donald Pfalzer. (Appeal from Order of Supreme Court, Erie County, Fudeman, J.—Summary Judgment.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.

◼ THOMAS BROWAREK, Individually and as Father and Natural Guardian of MICHAEL BROWAREK, an Infant, Appellant, v RAYMOND PFALZER et al., Appellants, and GEORGE CONIBER et al., Respondents, et al., Defendants. (Appeal No. 2.)—Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted summary judgment in favor of defendants George Coniber and Margaret Coniber, the owners of the field where the accident occurred. There is no evidence to suggest that they knew or should have known of the necessity to control the conduct of those on their premises. Further, there is no showing that the Conibers were aware of any unreasonable risk to others created by the muddy condition of the property (see, Goslin v La Mora, 137 AD2d 941). (Appeals from Order of Supreme Court, Erie County, Fudeman, J.—Summary Judgment.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.