■ HUEY SCARVER et al., Appellants, v COUNTY OF ERIE et al., Respondents. [770 NYS2d 222]—

Appeal from an order of Supreme Court, Erie County (Dillon, J.), entered December 13, 2002, which granted defendants' motions for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action asserting causes of action for, inter alia, common-law negligence and the

violation of Labor Law §§ 200 and 241 (6). Plaintiffs sought damages for injuries sustained by Huey Scarver (plaintiff) while employed as an electrician in the construction of a sewage pumping station owned by defendant County of Erie. Defendant Granville Constructors, Inc. (Granville) was the general contractor for the project, and defendant Quackenbush Co., Inc. (Quackenbush) was the mechanical subcontractor. Plaintiff was employed by CIR Electrical Construction Corporation, the electrical subcontractor.

According to plaintiff's deposition testimony, plaintiff and a coworker were preparing to install conduit in a concrete wall at the basement level of the building when "there was a loud crash and a trembling of the building . . . ." After pausing, plaintiff and his coworker returned to their work, whereupon "there was a louder crash and a shaking of the building . . . ." After a discussion with his coworker, plaintiff ascended the ladder affording access to the ground floor of the building and ascertained that nothing was amiss. After he started back down the ladder, another worker came running toward the ladder, shouting either "get out of the way" or "look out" and motioning with his arms. Fearing for his safety, plaintiff jumped from the ladder and fractured his left foot and ankle.

According to the accident report prepared by a Granville employee and the deposition testimony of the Quackenbush field operations manager, Lawrence Szalay, Quackenbush workers were contemporaneously engaged in connecting a section of an iron pipe, which was 40 inches in diameter, to a header. The pipe was supported by a bottle jack and a crane or boom extension affixed to a forklift. When the pipe slipped off the bottle jack, it first fell against the header flange, pinning Szalay's hand. When another Quackenbush employee raised the forklift to lift the pipe away, the forklift tipped forward and the pipe and forklift extension both fell to the sub-basement floor. The forklift then tipped back onto all four wheels, and Szalay and another Quackenbush employee were injured by the falling pipe.

Also according to the accident report, Dave Orllana, an employee of a different subcontractor, observed the occurrence in the sub-basement. Orllana ascended the stairs to the basement, where he encountered plaintiff on a ladder leading to the ground floor. According to the accident report, when Orllana "yelled to clear the way, [plaintiff] jumped of[f] the side of the ladder."

Supreme Court properly granted defendants' motions for summary judgment dismissing the amended complaint. We agree with the court that plaintiff's injury was not a foreseeable consequence of the alleged negligence or the alleged Labor Law

violations and that the combined actions of Orllana and plaintiff were an intervening and superseding cause of plaintiff's injuries.

"A defendant stands liable in negligence only for breach of a duty of care owed to the plaintiff . . . . The existence and scope of an alleged tortfeasor's duty is, in the first instance, a legal question for determination by the courts . . . . . . . [T]he scope of the duty owed by the defendant is defined by the risk of harm reasonably to be perceived . . . . Although the precise manner in which the harm occurred need not be foreseeable, liability does not attach unless the harm is within the class of reasonably foreseeable hazards that the duty exists to prevent" (*Sanchez v State of New York*, 99 NY2d 247, 252 [2002]; *see Di Ponzio v Riordan*, 89 NY2d 578, 583 [1997]).

Here, while injury to workers or bystanders from dropping the iron pipe was readily foreseeable, it was not reasonably foreseeable that a person standing on a ladder one story above the site of the incident would jump from the ladder and sustain injuries because he was instructed to get out of the way by a person on his way to report the fallen pipe and resultant injuries. "Nothing in the situation gave notice that the falling [pipe] had in it the potency of peril to [plaintiff]" (*Palsgraf v Long Is. R.R. Co.*, 248 NY 339, 341 [1928], *rearg denied* 249 NY 511 [1928]; *see Ventricelli v Kinney Sys. Rent A Car*, 45 NY2d 950, 952 [1978], *mot to amend remittitur granted* 46 NY2d 770 [1978]; *Wells v Finnegan*, 177 AD2d 893 [1991]; *Browarek v Pfalzer* [appeal No. 1], 174 AD2d 1054 [1991]). While the fallen pipe "furnished the occasion" for plaintiff's injuries, it was not the proximate cause thereof, because plaintiff's jump from the ladder "was not a normal or foreseeable consequence of any situation created by the defendants" (*Ortiz v Jimtion Food Corp.*, 274 AD2d 508, 508 [2000]; *see Egan v A.J. Constr. Corp.*, 94 NY2d 839, 841 [1999]; *Martinez v Lazaroff*, 48 NY2d 819, 820 [1979]; *Miecznikowski v Robida*, 278 AD2d 793 [2000], *lv denied* 96 NY2d 709 [2001]; *cf. Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 316-317 [1980], *rearg denied* 52 NY2d 784 [1980]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Gorski, JJ.