■ JOSEPH CAMPBELL, Appellant, v CENTRAL NEW YORK REGIONAL TRANSPORTATION AUTHORITY, Respondent. [814 NYS2d 456]—

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered August 17, 2005. The order, insofar as appealed from, granted defendant's motion for summary judgment in part, dismissing the claim for personal injuries.

It is hereby ordered that the order insofar as appealed from be and the same hereby is reversed on the law without costs, the motion is denied in its entirety and the claim for personal injuries is reinstated.

Memorandum: While crossing a street in his highly customized wheelchair, plaintiff was struck by a bus owned by defendant and operated by one of its employees. The wheelchair was damaged beyond repair, and, as a result, plaintiff was forced to use a wheelchair loaned to him by a local medical center. That wheelchair was not customized for plaintiff's "profound deformities" and, within two months, plaintiff developed "skin necrosis and abscess formation which required multiple surgical procedures to repair." Plaintiff commenced this action seeking damages for those personal injuries as well as the replacement cost of his wheelchair. Defendant moved for summary judgment dismissing the complaint, and plaintiff cross-moved for partial summary judgment on the issue of proximate cause. Supreme Court granted defendant's motion in part, dismissing plaintiff's claim for personal injuries but left intact the complaint to the extent that plaintiff sought the replacement cost of his

wheelchair. The court also denied plaintiff's cross motion. Plaintiff appeals from that part of the order granting defendant's motion in part but does not appeal from that part of the order denying his cross motion. We note that, in support of its motion and on appeal, defendant does not dispute that the skin necrosis and abscess formation were caused by plaintiff's use of a temporary wheelchair not customized for plaintiff's body.

We agree with plaintiff that the court should have denied defendant's motion in its entirety. "As a general proposition, liability for negligence turns upon the foreseeability of any harm resulting from the careless conduct, not upon the foreseeability of the exact nature and extent of the injury which does in fact ensue" (*Poplar v Bourjois, Inc.*, 298 NY 62, 67 [1948]), and "[t]he concept of proximate cause, or more appropriately legal cause, has proven to be an elusive one, incapable of being precisely defined to cover all situations" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 314 [1980], *rearg denied* 52 NY2d 784 [1980]). Thus, the Court of Appeals has stated that, "[g]iven the unique nature of the inquiry in each case, it is for the finder of fact to determine legal cause, once the court has been satisfied that a prima facie case has been established" (*id.* at 315; *see Ziecker v Town of Orchard Park*, 75 NY2d 761, 762-763 [1989]).

In order to establish a prima facie case, a "plaintiff must generally show that the defendant's negligence was a substantial cause of the events which produced the injury" (*Derdiarian*, 51 NY2d at 315; *see Kush v City of Buffalo*, 59 NY2d 26, 32-33 [1983]). Although there are times when "[a]n interruption of the nexus between a defendant's negligence and the plaintiff's injury by the act of a third party may affect defendant's liability" (*Kush*, 59 NY2d at 33), the intervening act must be " 'extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct' " (*Maheshwari v City of New York*, 2 NY3d 288, 295 [2004], quoting *Derdiarian*, 51 NY2d at 315). "When, however, the intervening act is a natural and foreseeable consequence of a circumstance created by defendant, liability will subsist" (*Kush*, 59 NY2d at 33; *see Derdiarian*, 51 NY2d at 315). "Because questions concerning what is foreseeable and what is normal may be the subject of varying inferences, . . . these issues generally are for the fact finder to resolve" (*Derdiarian*, 51 NY2d at 315; *see Kriz v Schum*, 75 NY2d 25, 34 [1989]; *Lynch v Bay Ridge Obstetrical & Gynecological Assoc.*, 72 NY2d 632, 636 [1988]). Invariably, summary judgment is appropriate "where only one conclusion may be

drawn from the established facts" (*Derdiarian*, 51 NY2d at 315; *see Kriz*, 75 NY2d at 34).

In our view, defendant failed to establish its entitlement to judgment as a matter of law with respect to plaintiff's claim for personal injuries because its submissions establish that there is a triable issue of fact whether the accident was a proximate cause of plaintiff's injuries or whether an intervening act broke the causal nexus.

All concur except Hurlbutt, J.P., and Gorski, J., who dissent and vote to affirm in the following memorandum.

Hurlbutt, J.P., and Gorski, J. (dissenting). We respectfully dissent and would affirm the order granting defendant's motion for summary judgment dismissing the complaint. We agree with Supreme Court that defendant established as a matter of law that its negligence was not a proximate cause of plaintiff's skin necrosis or the formation of an abscess on plaintiff's hip. It is undisputed that, as a result of the accident, plaintiff's wheelchair incurred irreparable damage and had to be replaced. The record establishes, however, that plaintiff sustained only minor soft tissue injuries that do not qualify as a serious injury within the meaning of Insurance Law § 5102 (d) and § 5104 (a). The record further establishes that the skin necrosis and abscess, which did not appear until approximately two months after the accident, were not related to any injury plaintiff sustained in the accident, but rather were caused by an ill-fitting replacement wheelchair. We must therefore conclude that, although the issue of proximate cause is ordinarily "for the fact finder to resolve," here the ill-fitting replacement wheelchair constituted an "independent intervening [occurrence] which operate[d] upon but [did] not flow from the original negligence" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784 [1980]; *see Ventricelli v Kinney Sys. Rent A Car*, 45 NY2d 950 [1978], *mot to amend remittitur granted* 46 NY2d 770 [1978]; *see also Martinez v Lazaroff*, 48 NY2d 819, 820 [1979]). Moreover, here, as in *Rodriguez v Pro Cable Servs. Co. Ltd. Partnership* (266 AD2d 894, 895 [1999]), "[b]ased upon the circumstances of this case, including the lapse of time, we conclude as a matter of law that the original alleged negligence on defendant['s] part in [causing the accident] merely furnished the condition or occasion for the injury-producing occurrence and that plaintiff's injuries were the result of intervening circumstances . . . ." Indeed, "[t]he risk of plaintiff's [skin necrosis and formation of an abscess due to an ill-fitting replacement wheelchair] was a different kind of risk from that created by defendant['s alleged] negligence in [causing the accident]

and was not a foreseeable consequence of [that alleged] negligence" (*id.*; *see Ortiz v Jimtion Food Corp.*, 274 AD2d 508 [2000]; *Kerrigan v City of New York*, 199 AD2d 367, 367-368 [1993]; *Browarek v Pfalzer* [appeal No. 1], 174 AD2d 1054 [1991]; *see generally Ventricelli*, 45 NY2d at 952; *Mack v Altmans Stage Light. Co.*, 98 AD2d 468 [1984]). Present— Hurlbutt, J.P., Gorski, Green, Pine and Hayes, JJ.