■ JONATHAN P. CARLSON, PLAINTIFF-RESPONDENT, v TOWN OF MINA and SUIT-KOTE CORPORATION, Defendants-Appellants. [818 NYS2d 697]—

Appeals from an order of the Supreme Court, Chautauqua County (John T. Ward, Jr., A.J.), entered May 18, 2005. The order denied the motion of defendant Town of Mina and the cross motion of defendant Suit-Kote Corporation for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he lost control of his motorcycle while traveling on a road in defendant Town of Mina (Town) that had recently been resurfaced by the Town with the assistance of defendant Suit-Kote Corporation (Suit-Kote). The road was resurfaced using the "oil and chip" method, pursuant to which Suit-Kote sprayed the road with oil and small stone chips, and Town employees drove trucks over the road to compress the stone chips. A Town employee then drove a truck equipped with a broom in order to sweep the excess stone chips from the road. Warning signs indicating the presence of loose stone chips and oil were placed at each end of the road. According to plaintiff, defendants were negligent in creating a hazard-

ous condition by spreading excess stone chips on the road during the resurfacing. We conclude that Supreme Court properly denied the respective motion and cross motion of defendants for summary judgment dismissing the complaint against them.

In support of its motion, the Town contended that it had not received the requisite prior written notice of the road's defective condition. We reject that contention inasmuch as plaintiff alleges that the Town created the allegedly defective condition, thus obviating the need for prior written notice (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]), and the Town failed to meet its initial burden of establishing as a matter of law that it did not create the allegedly defective condition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The Town's further contention that plaintiff assumed the risk of riding on the newly resurfaced road by continuing to operate his motorcycle on the road after observing the warning signs is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Because the Town failed to meet its initial burden on the motion, we do not address the sufficiency of plaintiff's opposing papers (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

We note at the outset with respect to the cross motion of Suit-Kote that the court erred in determining that the cross motion was supported only by an attorney's affirmation. Rather, the record establishes that Suit-Kote incorporated by reference the pleadings and exhibits submitted by plaintiff and the Town, and those pleadings and exhibits were therefore properly before the court (*see generally Welch v Hauck*, 18 AD3d 1096, 1098 [2005], *lv denied* 5 NY3d 708 [2005]; *Mahone v Washington*, 17 AD3d 1059 [2005]; *Greene v Wood*, 6 AD3d 976, 977 [2004]). Nevertheless, we conclude that Suit-Kote's cross motion was properly denied. We reject Suit-Kote's contention that, as a matter of law, the Town's act in sweeping the road following the completion of Suit-Kote's work and before plaintiff's accident was a superseding cause of the accident severing any liability on the part of Suit-Kote. The fact that the Town's act in sweeping the road occurred before the accident is not dispositive, and it cannot be said as a matter of law that the Town's act in sweeping the road was not " 'foreseeable in the normal course of events, or independent of or far removed from [Suit-Kote's] conduct' " to break any causal nexus between Suit-Kote's conduct and plaintiff's accident (*Maheshwari v City of New York*, 2 NY3d 288, 295 [2004]; *see Campbell v Central N.Y. Regional Transp. Auth.*, 28 AD3d 1083 [2006]). Moreover, Suit-Kote failed to es-

tablish as a matter of law that it did not create a dangerous condition on the road by spreading an excessive amount of stone chips (*see generally Alvarez*, 68 NY2d at 324). Finally, the further contention of Suit-Kote that it did not owe a duty to plaintiff is raised for the first time on appeal and thus is not properly before us (*see Ciesinski*, 202 AD2d at 985). Present— Gorski, J.P., Martoche, Green, Pine and Hayes, JJ.