■  LAURIE GALASSO, Respondent, v WEGMANS FOOD MARKETS,
INC., Doing Business as WEGMANS FOOD PHARMACY, et al., Ap-
pellants. [862 NYS2d 246]—

Appeal from an order of the Supreme Court, Erie County
(Rose H. Sconiers, J.), entered June 15, 2007 in a personal injury
action. The order denied the motion of defendants for summary
judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is af-
firmed without costs.

Memorandum: Plaintiff commenced this action seeking dam-
ages for injuries she sustained when the construction sign that
she was attempting to erect fell on her as the result of a gust of
wind. According to plaintiff, defendants' passing tractor-trailer
was traveling at a rate of 10 to 15 miles per hour over the speed
limit and created the gust of wind. Supreme Court properly
denied defendants' motion for summary judgment dismissing
the complaint. We reject the contentions of defendants that they
did not owe any duty to plaintiff and that the risk of injury to
plaintiff was not foreseeable. With respect to the issue of duty, it
is well settled that "[t]he existence and scope of an alleged
tortfeasor's duty is, in the first instance, a legal question for de-
termination by the courts . . . [and that] the scope of the duty
owed by the defendant is defined by the risk of harm reasonably
to be perceived" (*Sanchez v State of New York*, 99 NY2d 247,
252 [2002]; *see Di Ponzio v Riordan*, 89 NY2d 578, 583 [1997];
*Palsgraf v Long Is. R.R. Co.*, 248 NY 339, 344 [1928], *rearg
denied* 249 NY 511 [1928]). Here, the tractor-trailer driver
employed by defendants owed a duty of care to operate the
tractor-trailer in a safe and prudent manner, and that duty
extended to construction workers such as plaintiff located on or
adjacent to the road. With respect to the issue of the foresee-
ability of the risk of injury, we conclude that the accident was
"within the class of reasonably foreseeable hazards that the
duty [owed to plaintiff] exists to prevent" (*Sanchez*, 99 NY2d at
252).

All concur except Smith, J.P., and Peradotto, J., who dissent and vote to reverse in accordance with the following memorandum.

Smith, J.P., and Peradotto, J. (dissenting). We respectfully dissent. We agree with defendants that plaintiff's injury was not caused by the violation of a duty owed to plaintiff by the driver of defendants' tractor-trailer, and we thus conclude that Supreme Court should have granted defendants' motion for summary judgment dismissing the complaint.

It is well settled that "[n]egligence is not actionable unless it involves the invasion of a legally protected interest, the violation of a right. 'Proof of negligence in the air, so to speak, will not do' " (*Palsgraf v Long Is. R.R. Co.*, 248 NY 339, 341 [1928], *rearg denied* 249 NY 511 [1928]). As the majority correctly notes, it is also well settled that "[t]he existence and scope of an alleged tortfeasor's duty is, in the first instance, a legal question for determination by the courts . . . [and that] the scope of the duty owed by the defendant is defined by the risk of harm reasonably to be perceived" (*Sanchez v State of New York*, 99 NY2d 247, 252 [2002]; *see Di Ponzio v Riordan*, 89 NY2d 578, 583 [1997]; *Palsgraf*, 248 NY at 344). "[C]onduct is considered negligent when it tends to subject another to an unreasonable risk of harm arising from one or more *particular* foreseeable hazards . . . When the person is harmed by an occurrence resulting from one of those hazards, the negligent actor may be held liable. In contrast, where the harm was caused by an occurrence that was not part of the risk or recognized hazard involved in the actor's conduct, the actor is not liable" (*Di Ponzio*, 89 NY2d at 584).

Here, we agree with the majority that the tractor-trailer driver employed by defendants owed a duty of care to operate the tractor-trailer in a safe and prudent manner, i.e., within the posted speed limit and at a speed that was reasonable under the circumstances. In our view, however, a driver does not owe a duty of care to an off-road pedestrian to avoid the effect of the wind turbulence created by his or her vehicle as it travels down a road, and a driver has no duty to anticipate that such wind turbulence might result in injury to that pedestrian. We have not found any law supporting such a vast expansion of the scope of liability, nor has the majority cited any law in support thereof. Further, plaintiff's allegation that the tractor-trailer driver was traveling at a speed in excess of the posted speed limit does not create a duty of care where none otherwise would exist. Here, the record establishes that a sign such as the one that blew over and injured plaintiff would also blow over as a result of wind

turbulence created by tractor-trailers traveling within the posted speed limit and, indeed, as a result of naturally occurring wind gusts. We note that the obligations imposed on drivers by the Vehicle and Traffic Law and common law, including those relating to excessive speed, further the goal of providing safe roadways by encouraging drivers to maintain control of their vehicles and to avoid colliding with other vehicles and pedestrians. The accident that occurred here, however, is not among the hazards generally associated with driving at an excessive speed. We thus conclude that defendants' driver did not violate a duty of care owed to plaintiff.

In any event, even assuming, arguendo, that the tractor-trailer driver violated a duty of care owed to plaintiff by exceeding the posted speed limit, we conclude that plaintiff failed to raise an issue of fact whether that violation was a substantial factor in causing the accident. Although plaintiff's expert stated in an affidavit in opposition to defendants' motion that "the wind turbulence of [defendants'] tractor-trailer was a substantial factor in the incident" and noted that the wind turbulence decreases as the speed of a tractor-trailer is lowered, he did not indicate that the operation of the tractor-trailer at a speed in excess of the posted speed limit was a substantial factor in causing the accident. Consequently, the affidavit of plaintiff's expert failed to raise a triable issue of fact whether the accident was the result of wind turbulence created by the tractor-trailer while operated at an excessive speed, rather than the result of wind turbulence created by the tractor-trailer while operated within the posted speed limit. We therefore would reverse the order, grant the motion and dismiss the complaint. Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.