■ Nakia Lynfatt, Appellant, v Jorge Lasluisa Escobar et al., Respondents, et al., Defendants. [896 NYS2d 450]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Nelson, J.), dated July 21, 2009, which granted the motion of the defendants Jorge Lasluisa Escobar and LAN Airlines S.A. for summary judgment dismissing the complaint insofar as asserted against them and denied her cross motion for summary judgment on the issue of liability against those defendants.

Ordered that the order is affirmed, with costs.

On May 21, 2007 the plaintiff was employed at JFK International Airport by Swissport North America, Inc. (hereinafter Swissport), as a customer service representative and was assigned to Terminal 4. At approximately 11:15 P.M., the defendant Jorge Lasluisa Escobar was operating a van owned by his

employer, the defendant, LAN Airlines S.A. (hereinafter together the defendants), in a designated lane outside of Terminal 4. Another vehicle, apparently owned by Swissport, approached Escobar's vehicle from an unauthorized area and crashed into the passenger side of Escobar's vehicle. In an attempt to avoid the collision, Escobar steered the vehicle to the left, causing it to crash into the ground floor window of Terminal 4. Escobar admitted that he was operating the vehicle at approximately 25 miles per hour, which exceeded the speed limit for that area of the airport. At the time of the occurrence, the plaintiff, who had been sitting with a coworker in the customs area of Terminal 4 waiting for an incoming flight, was startled by the loud noise caused by the crash, and allegedly sustained, inter alia, back and neck injuries upon jumping up from her seat. The plaintiff was not injured by the defendants' vehicle or any flying debris, as she was situated approximately 40 feet away from the accident scene.

The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them and denied the plaintiff's cross motion for summary judgment on the issue of liability against those defendants. We affirm.

To hold a defendant liable in common-law negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) that the breach constituted a proximate cause of the injury (*see Ingrassia v Lividikos*, 54 AD3d 721, 724 [2008]). "Without a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm" (*Lauer v City of New York*, 95 NY2d 95, 100 [2000]). The existence and scope of an alleged tortfeasor's duty is a legal question to be determined by the court in the first instance (*see Sanchez v State of New York*, 99 NY2d 247, 252 [2002]; *Di Ponzio v Riordan*, 89 NY2d 578, 583 [1997]). In making such a determination, courts look to whether the relationship of the parties is such as to give rise to a duty of care, whether the plaintiff was within the zone of foreseeable harm, and whether the accident was reasonably foreseeable (*id.*).

Here, Escobar's operation of a motor vehicle outside of Terminal 4 arguably gave rise to a duty of care to operate the vehicle in a safe and prudent manner as to those situated nearby (*see generally Galasso v Wegmans Food Mkts., Inc.*, 53 AD3d 1145 [2008]). However, as the plaintiff was located within the terminal approximately 40 feet from the accident scene she was outside of the orbit or zone of foreseeable harm (*see Waters v*

*New York City Hous. Auth.*, 69 NY2d 225, 229 [1987]; *Scarver v County of Erie*, 2 AD3d 1384 [2003]). Moreover, since it is undisputed that the defendants' vehicle crashed into the Terminal 4 window only after it was hit by another vehicle, the accident was not reasonably foreseeable (*see Di Ponzio v Riordan*, 89 NY2d at 583). Accordingly, as the defendants had no legally cognizable duty to the plaintiff, the Supreme Court properly granted their motion for summary judgment dismissing the complaint insofar as asserted against them and denied the plaintiff's cross motion for summary judgment on liability against those defendants.

The plaintiff's remaining contentions are either without merit or based upon matter that is dehors the record. Prudenti, P.J., Dillon, Eng and Roman, JJ., concur.