CHRISTINE GALIANI, Appellant, v ANTHONY J. GALIANI, Respondent. [903 NYS2d 82]—

In a matrimonial action in which the parties were divorced by judgment entered April 14, 2008, the plaintiff former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered March 30, 2009, as granted that branch of the defendant former husband's motion which was, in effect, to enforce so much of the parties' stipulation of settlement dated January 22, 2008, which was incorporated but not merged in the judgment of divorce, as provided that the parties would file joint income tax returns for the tax year 2007, to the extent of directing the plaintiff to pay the increased amount of income taxes the defendant must pay as a result of the plaintiff's failure to file joint income tax returns with the defendant for the tax year 2007, as well as any interest and penalties assessed against the defendant in connection with the late filing of his 2007 income tax returns.

Ordered that the order is affirmed insofar as appealed from, with costs.

In a stipulation dated January 22, 2008, which was incorporated, but not merged, into the parties' subsequent judgment of divorce, the parties agreed that they would file their final joint

tax returns for the tax year 2007. As relevant here, they further stipulated that in the event one party withheld information or "subjected" the other to tax liability as a result of his or her "actions or behavior," then the party acting wrongfully would be responsible for any "liability" associated therewith, and would hold the other harmless.

The record in this case demonstrates that the plaintiff failed to cooperate with the defendant in connection with the preparation of their final joint returns for the year 2007. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was, in effect, to enforce the parties' stipulation pertaining to their joint tax returns for 2007, to the extent of directing the plaintiff to pay the increased amount of income taxes the defendant must pay as a result of the plaintiff's failure to cooperate in the process contemplated by the stipulation, as well as any interest and penalties assessed against the defendant in connection with the late filing of his 2007 income tax returns.

The plaintiff's remaining contentions are without merit or are based upon matter dehors the record (*see Lynfatt v Escobar,* 71 AD3d 743 [2010]). Mastro, J.P., Miller, Leventhal and Belen, JJ., concur.