U.S. Bank Trust, N.A. v Vanterpool (2020 NY Slip Op 07946)





U.S. Bank Trust, N.A. v Vanterpool


2020 NY Slip Op 07946


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-13012
2018-04680
 (Index No. 52849/16)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Goeto Vanterpool, et al., defendants-appellants, et al., defendants; Kimberly Richardson, nonparty-appellant.


Brian McCaffrey Attorney at Law, P.C., Jamaica, NY, for defendants-appellants and nonparty-appellant.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Goeto Vanterpool and Rosa Chalas appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated February 20, 2018, and nonparty Kimberly Richardson appeals from an order of the same court dated March 19, 2018. The order and judgment of foreclosure and sale, upon an order of the same court dated November 28, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Goeto Vanterpool and Rosa Chalas and to appoint a referee to ascertain and compute the amount due to it, and upon an order of the same court dated February 20, 2018, among other things, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, inter alia, confirmed the referee's report and directed the sale of the subject property. The order dated March 19, 2018, denied the motion of nonparty Kimberly Richardson to dismiss the complaint.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Goeto Vanterpool and Rosa Chalas and to appoint a referee to ascertain and compute the amount due to it are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the orders dated November 28, 2017, and February 20, 2018, are modified accordingly; and it is further,
ORDERED that the order dated March 19, 2018, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Goeto Vanterpool and Rosa Chalas, payable by the plaintiff.
In November 2016, the plaintiff commenced this action to foreclose a consolidated mortgage against, among others, the defendants Goeto Vanterpool and Rosa Chalas. The plaintiff alleged that Vanterpool and Chalas defaulted in repayment in November 2011. Vanterpool and Chalas interposed an answer.
Thereafter, in an order dated November 28, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Vanterpool and Chalas and to appoint a referee to ascertain and compute the amount due to it. In an order dated February 20, 2018, the court, among other things, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. On the same day, the court issued an order and judgment of foreclosure and sale, which, inter alia, confirmed the referee's report and directed a sale of the subject property.
On or about March 1, 2018, nonparty Kimberly Richardson, allegedly a tenant of the mortgaged premises since July 2016 pursuant to an oral agreement, moved to dismiss the complaint based on, among other things, the plaintiff's failure to comply with RPAPL 1303(1)(b). In an order dated March 19, 2018, the Supreme Court denied Richardson's motion to dismiss the complaint.
Vanterpool and Chalas appeal from the order and judgment of foreclosure and sale, and Richardson appeals from the order dated March 19, 2018. In a decision and order on motion dated July 2, 2018, the sale of the subject property and all other proceedings in this action were stayed by this Court pending the determination of the appeals.
Contrary to the Supreme Court's determination, the plaintiff failed to establish, prima facie, a default in payment by Vanterpool and Chalas. While the plaintiff submitted an affidavit by someone with personal knowledge of the plaintiff's loan servicer's business practices and procedures, the affiant failed to submit any business record to substantiate the alleged default (see USBank N.A. v Haliotis, 185 AD3d 756, 759). Conclusory affidavits lacking a factual basis are without evidentiary value (see e.g. JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 719-720). Further, "[w]hile a witness may read into the record from the contents of a document which has been admitted into evidence, a witness's description of a document not admitted into evidence is hearsay" (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774 [citation omitted]; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197). "[I]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 205).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Vanterpool and Chalas and to appoint a referee to ascertain and compute the amount due to the plaintiff, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, we agree with the Supreme Court's determination that Richardson was not entitled to dismissal of the complaint due to the plaintiff's purported failure to deliver to her the notice required by RPAPL 1303(1)(b). Richardson's motion to dismiss the complaint pursuant to RPAPL 1303 was not timely made (see Wells Fargo Bank, N.A. v Coffey, 177 AD3d 1022, 1024). Moreover, Richardson failed to establish grounds to vacate the judgment (see CPLR 5015[a]; Wells Fargo Bank, N.A. v Coffey, 177 AD3d at 1023; NYCTL 1998-2 Trust v Michael Holdings, Inc., 77 AD3d 805, 806). In any event, the record shows that the plaintiff satisfied the requirements of RPAPL 1303 with respect to Richardson (see RPAPL 1303[4]).
The remaining contentions of Vanterpool and Chalas are without merit.
RIVERA, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court