Wilmington Sav. Fund Socy., FSB v McLaughlin (2021 NY Slip Op 04576)





Wilmington Sav. Fund Socy., FSB v McLaughlin


2021 NY Slip Op 04576


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-04994
2019-05002
 (Index No. 8960/16)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Michael McLaughlin, et al., appellants, et al., defendants.


Alice A. Nicholson, Brooklyn, NY, for appellants.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Loretta Carty of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Michael McLaughlin and Rosemarie McLaughlin appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered June 8, 2018, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered March 5, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Michael McLaughlin and Rosemarie McLaughlin, to strike those defendants' answer, and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, insofar as appealed from, upon the order, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Michael McLaughlin and Rosemarie McLaughlin, to strike those defendants' answer, and for an order of reference are denied, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, and the order entered June 8, 2018, and an order of the same court, also entered June 8, 2018, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants Michael McLaughlin and Rosemarie McLaughlin.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in this action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure [*2]and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
On August 5, 2008, the defendant Michael McLaughlin executed a promissory note in the sum of $417,000 in favor of Bank of America, N.A. (hereinafter Bank of America). The note was secured by a mortgage executed by Michael McLaughlin and the defendant Rosemarie McLaughlin (hereinafter together the defendants) on certain property owned by the defendants. The plaintiff commenced this action against, among others, the defendants, to foreclose the mortgage (as modified by a loan modification agreement), alleging that the mortgage was assigned to it, and that it is the holder of the note and mortgage.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion, asserting, among other things, that they did not default in making payment, and that Bank of America erroneously deemed the account in default. In an order entered June 8, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The plaintiff then moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered March 5, 2019, the court, among other things, granted the plaintiff's motion and directed the sale of the subject property. The defendants appeal.
"In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default" (Zarabi v Movahedian, 136 AD3d 895, 895). A plaintiff may establish a default in payment by, inter alia, submitting an affidavit from "a person having [personal] knowledge of the facts" (CPLR 3212[b]) or by submitting other evidence "in admissible form" (Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 507; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208). "Conclusory affidavits lacking a factual basis are without evidentiary value" (U.S. Bank Trust. N.A. v Vanterpool, 189 AD3d 1516, 1518).
Contrary to the Supreme Court's determination, the plaintiff failed to establish, prima facie, the defendants' default in payment by submitting the affidavit of Haley Pope, the Foreclosure Manager for its loan servicer. Pope did not specifically state that she had personal knowledge of the defendants' default in payment. To the extent Pope relied on her review of business records, she did not identify which records she relied on to assert a default in payment, or attach any business records to her affidavit to substantiate the alleged default in payment. Thus, the plaintiff failed to meet its prima facie burden by relying on Pope's conclusory assertion that the defendants defaulted in payment, which was not supported by a factual basis (see id. at 1518; Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700, 702). Further, the affidavit of Ilda Huzejrovic, another employee of the loan servicer, was not submitted on the plaintiff's motion, inter alia, for summary judgment.
Accordingly, since the plaintiff failed to meet its prima facie burden, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court