Bennett v State Farm Fire & Cas. Co. (2021 NY Slip Op 05686)





Bennett v State Farm Fire & Cas. Co.


2021 NY Slip Op 05686


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2020-06044
 (Index Nos. 10385/13, 385/14, 602582/14)

[*1]Richard Bennett, etc., et al., plaintiffs, 
v
State Farm Fire and Casualty Company, et al., defendants. (Action No. 1)
State Farm Fire and Casualty Company, etc., et al.,
v
plaintiffs, 
Creative Landscaping by Cow Bay, Inc., et al., defendants. (Action No. 2)
Richard Bennett, etc., et al., plaintiffs-respondents,
v State Farm Fire and Casualty Company, et al., appellants, Milro Associates, Inc., defendant-respondent. (Action No. 3)


Rivkin Radler, LLP, Uniondale, NY (Cheryl F. Korman, Michael A. Troisi, Paul V. Majkowski, and Henry Mascia of counsel), for appellant State Farm Fire and Casualty Company.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Keith J. Stevens of counsel), for appellant Holzmacher, McLendon and Murrell, P.C.
Edward J. Boyle, Manhasset, NY, for plaintiffs-respondents.



DECISION & ORDER
In related actions, inter alia, to recover damages for gross negligence, the defendant State Farm Fire and Casualty Company appeals, and the defendant Holzmacher, McLendon and Murrell, P.C., separately appeals, from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated May 6, 2020. The order denied those defendants' separate motions for summary judgment dismissing the amended complaint and all cross claims insofar as asserted as against each of them in Action No. 3.
ORDERED that the order is affirmed, with one bill of costs to the plaintiffs in Action No. 3 payable by the defendants State Farm Fire and Casualty Company and Holzmacher, McLendon and Murrell, P.C.
These related actions arise from an oil contamination incident that occurred in May 2011 on property owned by Richard Bennett and Mary Wendell Bennett (hereinafter together the plaintiffs). At the time of the incident, the plaintiffs had an insurance policy with State Farm Fire and Casualty Company (hereinafter State Farm). In connection with the incident, State Farm provided coverage pursuant to a third-party liability provision in the policy to the extent of [*2]remediating the property as directed by the New York State Department of Environmental Conservation (hereinafter the DEC). State Farm engaged Holzmacher, McLendon and Murrell, P.C. (hereinafter H2M), as an environmental consultant, inter alia, to oversee the work of Milro Associates, Inc. (hereinafter Milro), the remediation contractor hired by the plaintiffs at State Farm's expense.
In 2014, the plaintiffs commenced the third related action (hereinafter Action No. 3) to recover damages relating to the remediation process. In an amended complaint, the plaintiffs asserted, among other things, that State Farm and its agent H2M supervised the remediation work at the property, and that State Farm, H2M, and Milro caused additional damage to the property beyond the damage incurred in the initial oil contamination incident. The Supreme Court denied the separate motions of State Farm and H2M for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against each of them in Action No. 3. Those defendants separately appeal.
"To hold a defendant liable in common-law negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) that the breach constituted a proximate cause of the injury" (Lynfatt v Escobar, 71 AD3d 743, 744; see Dance Magic, Inc. v Pike Realty, Inc., 85 AD3d 1083, 1088). "To constitute gross negligence, a party's conduct must smack of intentional wrongdoing or evince a reckless indifference to the rights of others" (Bennett v State Farm Fire & Cas. Co., 161 AD3d 926, 929 [alterations and internal quotation marks omitted]).
Generally, liability in negligence is premised on the defendant's own fault, not the wrongdoing of another (see Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 257; Feliberty v Damon, 72 NY2d 112, 117). However, under the doctrine of vicarious liability, liability for another person's wrongdoing is imputed to the defendant (see Brothers v New York State Elec. & Gas Corp., 11 NY3d at 257; Feliberty v Damon, 72 NY2d at 117-118). The doctrine "rests in part on the theory that—because of an opportunity for control of the wrongdoer, or simply as a matter of public policy loss distribution—certain relationships may give rise to a duty of care, the breach of which can indeed be viewed as the defendant's own fault" (Feliberty v Damon, 72 NY2d at 118; see Brothers v New York State Elec. & Gas Corp., 11 NY3d at 257).
In most cases, a party who retains an independent contractor is not liable for the independent contractor's negligent acts (see Brothers v New York State Elec. & Gas Corp., 11 NY3d at 257; Kleeman v Rheingold, 81 NY2d 270, 273). "The primary justification for this rule is that 'one who employs an independent contractor has no right to control the manner in which the work is to be done and, thus, the risk of loss is more sensibly placed on the contractor'" (Brothers v New York State Elec. & Gas Corp., 11 NY3d at 257-258, quoting Kleeman v Rheingold, 81 NY2d at 274). "Broadly speaking, an employee is someone who works for another subject to substantial control, not only over the results produced but also over the means used to produce the results. A person who works for another subject to less extensive control is an independent contractor" (Matter of O'Brien v Spitzer, 7 NY3d 239, 242; see C.B. v Incorporated Vil. of Garden City, 194 AD3d 897, 897).
There are various exceptions to the general rule against vicarious liability for the acts of an independent contractor (see Brothers v New York State Elec. & Gas Corp., 11 NY3d at 258; Kleeman v Rheingold, 81 NY2d at 274). These exceptions fall into three basic categories: "negligence of the employer in selecting, instructing or supervising the contractor; employment for work that is especially or 'inherently' dangerous; and, finally, instances in which the employer is under a specific nondelegable duty" (Kleeman v Rheingold, 81 NY2d at 274 [footnote and citations omitted]; see Brothers v New York State Elec. & Gas Corp., 11 NY3d at 258). There are no clearly defined criteria for identifying duties that are nondelegable (see Brothers v New York State Elec. & Gas Corp., 11 NY3d at 258; Kleeman v Rheingold, 81 NY2d at 275). A nondelegable duty has been found, for example, "when services, though in reality rendered by an independent contractor, were accepted by a third party after assurance that they were being supplied by its employer" (Feliberty v Damon, 72 NY2d at 119, citing Miles v R & M Appliance Sales, 26 NY2d 451, 454).
Here, State Farm contends, in effect, that it demonstrated its prima facie entitlement to judgment as a matter of law dismissing the amended complaint and all cross claims insofar as asserted against it in Action No. 3 by submitting evidence demonstrating that it was not vicariously liable for the alleged negligence of Milro, since it did not supervise, direct, or control Milro's work, and that it was not vicariously liable for the alleged negligence of H2M, since H2M was an independent contractor and the plaintiffs failed to establish an exception to the general rule that a party is not responsible for the negligent acts of its independent contractors. Moreover, State Farm contends that, even if it was vicariously liable for H2M's alleged negligence, H2M was not vicariously liable for Milro's alleged negligence since H2M did not supervise, direct, or control Milro.
However, State Farm failed to eliminate triable issues of fact, inter alia, as to whether State Farm, through H2M, improperly sought to the limit the scope of the investigation and remediation of the plaintiffs' property, whether State Farm retained final approval with regard to any "recommendation" made by H2M, and whether H2M supervised, directed, and controlled the remediation and the work of Milro.
Moreover, even if State Farm had demonstrated that H2M was an independent contractor, it failed to demonstrate that it was not negligent in selecting, instructing, or supervising H2M, and/or that the services rendered by H2M were not accepted by the plaintiffs after assurance that they were being supplied by State Farm (see generally Brothers v New York State Elec. & Gas Corp., 11 NY3d at 258; Kleeman v Rheingold, 81 NY2d at 274; Feliberty v Damon, 72 NY2d at 119).
Accordingly, State Farm failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the amended complaint and all cross claims insofar as asserted against it in Action No. 3. Thus, the Supreme Court properly denied its motion regardless of the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
H2M contends that it demonstrated its prima facie entitlement to judgment as a matter of law dismissing the amended complaint and all cross claims insofar as asserted against it in Action No. 3 by submitting evidence demonstrating that it did not breach any duty owed to the plaintiffs. It contends that it was not the proximate cause of the exacerbation of the residual oil contamination since its underlying role was limited to ensuring that the remediation work paid for by State Farm satisfied the requirements of the DEC. H2M also asserts that it did not direct, control, or supervise Milro in the performance of the remediation, and that its environmental consulting services were appropriate and performed in accordance with generally accepted environmental consulting standards and practices, as well as the codes, ordinances, rules, and regulations promulgated by the DEC.
Although H2M contends that its duties were limited to ensuring that the investigation and remediation were performed in accordance with the DEC's requirements and that Milro's estimated costs for performing the services were consistent within industry standards, and that it did not direct, control, or supervise Milro or any other remediation contractor relative to the investigation and remediation of the premises, its submissions failed to establish, prima facie, that its duties were so limited and that H2M did not, in fact, direct, control, and supervise the investigation and remediation of the property and the work of Milro.
H2M also failed to demonstrate, prima facie, that its environmental consulting services were appropriate and performed in accordance with generally accepted environmental consulting standards and practices or that its actions were not a proximate cause of the plaintiffs' damages. Although H2M submitted an affidavit from Paul W. Grosser, an engineer, geologist, and ground water professional, who concluded that H2M's environmental consulting services were appropriate and that it did not cause or contribute to the exacerbation or migration of the residual oil contamination or the damages sustained by the plaintiffs, such opinion was conclusory and based upon contradicted facts and thus, was insufficient to affirmatively demonstrate that H2M's environmental consulting services were appropriate or that its negligence was not a proximate cause [*3]of the plaintiffs' damages (see Morales v City of New York, 193 AD3d 923, 926; U.S. Bank Trust, N.A. v Vanterpool, 189 AD3d 1516, 1518).
Accordingly, H2M failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the amended complaint and all cross claims insofar as asserted against it in Action No. 3. Thus, the Supreme Court properly denied its motion regardless of the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
RIVERA, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court