Bank of Am., N.A. v Cord (2024 NY Slip Op 04941)

Bank of Am., N.A. v Cord

2024 NY Slip Op 04941

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2022-06369
 (Index No. 80036/21)

[*1]Bank of America, N.A., respondent, 
v
Barry S. Cord, etc., appellant, et al., defendants.

Russ & Russ, P.C. (Jay Edmond Russ and Ira Levine, Massapequa, NY, of counsel), for appellant.
Winston & Strawn LLP, New York, NY (Michael E. Blaine of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Barry S. Cord appeals from an order of the Supreme Court, Dutchess County (Christie L. D'Alessio, J.), dated June 8, 2022. The order, insofar as appealed from, denied the cross-motion of the defendant Barry S. Cord to vacate a judgment of foreclosure and sale of the same court (Maria G. Rosa, J.) dated July 11, 2017, and to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Barry S. Cord (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Millbrook (hereinafter the property). In a judgment of foreclosure and sale dated July 11, 2017, the Supreme Court, inter alia, directed the sale of the property. In March 2022, the plaintiff moved, among other things, for an extension of time to complete the sale of the property. The defendant cross-moved to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him based on the plaintiff's failure to comply with RPAPL 1303. In an order dated June 8, 2022, the court, inter alia, denied the defendant's cross-motion. The defendant appeals.
"RPAPL 1303 is a condition precedent to the commencement of a foreclosure action and the failure to comply is a basis for dismissal of a complaint which may be raised at any time while the action is pending" (JPMorgan Chase Bank, N.A. v Lee, 186 AD3d 685, 687). However, "[a] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action" (Signature Bank v Epstein, 95 AD3d 1199, 1200 [internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Lee, 186 AD3d at 687). Here, the defendant did not raise the issue of the plaintiff's purported noncompliance with RPAPL 1303 during the action, but only after the judgment of foreclosure and sale had been entered (see JPMorgan Chase Bank, N.A. v Lee, 186 AD3d at 687; Wells Fargo Bank, N.A. v Coffey, 177 AD3d 1022, 1023).
Accordingly, the Supreme Court properly denied the defendant's cross-motion to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against [*2]him (see U.S. Bank Trust, N.A. v Vanterpool, 189 AD3d 1516, 1518; JPMorgan Chase Bank, N.A. v Lee, 186 AD3d at 687; Wells Fargo Bank, N.A. v Coffey, 177 AD3d at 1024).
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., GENOVESI, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court