Wilmington Sav. Fund Socy., FSB v McLaughlin (2026 NY Slip Op 01554)

Wilmington Sav. Fund Socy., FSB v McLaughlin

2026 NY Slip Op 01554

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-04555 
2024-07838
 (Index No. 8960/16)

[*1]Wilmington Savings Fund Society, FSB, etc., appellant, 
vMichael McLaughlin, et al., respondents, et al., defendants.

Adam Leitman Bailey, P.C., New York, NY (Jackie Halpern Weinstein and Courtney J. Lerias of counsel), for appellant.
Alice A. Nicholson, Brooklyn, NY, for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (David P. Sullivan, J.), dated October 13, 2023, and (2) an order of the same court dated May 16, 2024. The order dated October 13, 2023, insofar as appealed from, upon renewal, in effect, adhered to a prior determination denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Michael McLaughlin and Rosemarie McLaughlin and for an order of reference. The order dated May 16, 2024, insofar as appealed from, granted the cross-motion of the defendants Michael McLaughlin and Rosemarie McLaughlin for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
On August 5, 2008, the defendant Michael McLaughlin executed a promissory note in the sum of $417,000 in favor of Bank of America, N.A. The note was secured by a mortgage executed by Michael McLaughlin and the defendant Rosemarie McLaughlin (hereinafter together the defendants) on certain real property owned by the defendants. The plaintiff commenced this action against, among others, the defendants, to foreclose the mortgage, as modified by a loan modification agreement, alleging that the mortgage was assigned to it and that it was the holder of the note and mortgage.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the motion. In an order entered June 8, 2018, the Supreme Court, among other things, granted the plaintiff's motion and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The plaintiff then moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered March 5, 2019, the court, inter alia, granted the plaintiff's motion and directed the sale of the subject property.
The defendants appealed, and by decision and order dated July 28, 2021, this Court reversed the order and judgment of foreclosure and sale and denied, among other things, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, determining that the plaintiff failed to establish, prima facie, the defendants' default in payment (see Wilmington Sav. Fund Socy., FSB v McLaughlin, 196 AD3d 729).
Thereafter, the plaintiff moved, inter alia, for leave to renew its prior motion, among other things, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference (hereinafter the renewal motion). The defendants opposed the renewal motion. By order dated October 13, 2023, the Supreme Court, inter alia, upon renewal, in effect, adhered to the determination denying those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. Thereafter, the plaintiff moved for leave to reargue its renewal motion. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that they did not default in payment. By order dated May 16, 2024, the court, among other things, granted the defendants' cross-motion. The plaintiff appeals from the orders dated October 13, 2023, and May 16, 2024.
"In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default" (Zarabi v Movahedian, 136 AD3d 895, 895). "Among other things, a plaintiff can establish a default by submission of an affidavit from a person having personal knowledge of the facts, or other evidence in admissible form" (U.S. Bank Trust, N.A. v Smith, 217 AD3d 899, 900; see BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d 960, 962; US Bank N.A. v Hunte, 176 AD3d 894, 896).
Here, in support of the renewal motion, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the note, an affidavit of a document verification specialist of its loan servicer, and a loan transaction history. However, in opposition, an affidavit of Michael McLaughlin and the attached documentary evidence raised a triable issue of fact as to whether the defendants defaulted in payment (see Disa Realty, Inc. v Rao, 137 AD3d 740, 741; cf. M & T Bank v Barter, 186 AD3d 698). Accordingly, the Supreme Court, upon renewal, in effect, properly adhered to the prior determination denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
The Supreme Court also properly granted the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them. In opposition to the defendants' prima facie showing that they did not default on the dates alleged in the complaint or on the dates alleged in the affidavits submitted by the plaintiff in support of its prior motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference and the renewal motion, and their additional showing that the plaintiff created the defendants' alleged default by miscrediting a payment submitted by the defendants on a separate loan, and thereafter refusing to accept monthly payments on the note, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Contrary to the plaintiff's contention, under the unique circumstances of this case, its failure to establish a precise date of default is not a matter merely to be determined by the referee appointed to ascertain and compute the amounts due and owing (cf. Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1235; Chiarelli v Kotsifos, 5 AD3d 345).
CHAMBERS, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court